IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
San Angelo Division

| | |
|---|---|
| SILENCER SHOP FOUNDATION, *et al.*, <br><br>*Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, <br><br>*Defendants*. | <br><br><br><br><br><br> Case No. 6:25-cv-56-H |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Come now, Plaintiffs, by and through counsel and, in Opposition to Defendants' Motion to Stay Proceedings (ECF No. 51) ("Mot."), state as follows:

This constitutional challenge was filed on July 4, 2025. *See* ECF No. 1. On September 4, 2025, the parties filed a Joint Motion to Enter Stipulated Schedule, which proposed a scheduling order for the parties to file motions for summary judgment. *See* ECF No. 36. This Court adopted that scheduling order on September 5, 2025. *See* ECF No. 37. On September 30, 2025, the federal government's appropriations lapsed. Then, a week after that lapse and in line with the Court's scheduling order, Plaintiffs filed their Motion for Summary Judgment on October 7, 2025. *See* ECF No. 48. The Government now invokes the appropriations lapse as a basis to avoid responding to a motion that was made during the same lapse and that has been on the public docket for weeks.

After saying nothing while Plaintiffs prepared and filed their opening brief, the Government now asks for an indefinite stay of proceedings on the ground that "Department [of Justice] attorneys and employees are prohibited from working, even on a voluntary basis, except in limited circumstances" during the Government's current lapse in appropriations. Mot. 1–2. And although

the Government notes Plaintiffs' opposition in a cursory footnote in the final sentence of the motion, *id.* at 2 n.1, it fails to explain "why agreement could not be reached," Local Civil Rule 7.1(b)(2).  Thus, Plaintiffs hereby explain the basis for their opposition.

## I.      A Stay Is Inappropriate.

Contrary to the Government's suggestion, the Antideficiency Act does not compel this Court to enter a stay.  DOJ attorneys may continue working on this matter if "authorized by law." 31 U.S.C. § 1341(a)(1)(B).  Thus, "[i]f a court denies such a [stay] request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *U.S. Department of Justice FY 2026 Contingency Plan 3* (Sept. 29, 2025), available at: https://www.justice.gov/jmd/media/1377216/dl.  Indeed, "[w]ith respect to litigation, the Department's [contingency] plan assumes that the Judicial Branch will continue to operate, though possibly at a reduced level, through the lapse." *Id.*; *see also Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (concluding that the denial of a stay amounts to legal authorization for DOJ attorneys to continue working). And for its part, DOJ is not operating at a "reduced level" much at all—rather, 89 percent of DOJ employees are already excepted from the furlough, including the majority of employees of the Civil Division.  *Contingency Plan 3*, *supra*, at 2, 12.

To that end, courts regularly deny requests by the federal government to stay briefing or argument due to a government shutdown.  *Kornitzky Grp.*, 912 F.3d at 638–39; *see also* Order Denying Stay, *Am. Federation of Gov't Emps. v. Trump*, No. 3:25-cv-03698-SI, (C.D. Cal. Oct. 3, 2025), ECF No. 276; *United States v. Polselli*, 2025 U.S. Dist. LEXIS 196804, at *5–6 (E.D. Mich. Oct. 3, 2025) ("That a government attorney may not be paid during a lapse in appropriations is not a persuasive reason to desist with the representation by staying the case" and "[t]he Court finds that it has authority to require continuation of the representation by counsel."); *California v. U.S.*

2

*HHS*, 2025 U.S. Dist. LEXIS 199255, at *8 (D. Mass. Oct. 8, 2025) ("Plaintiffs' interest in proceeding in this case outweighs Defendants' interest in a stay where counsel for Defendants may continue litigating during the lapse in funding pursuant to a court order."); *Lehman v. U.S. DOL*, 2025 U.S. Dist. LEXIS 195611, at *6 (E.D. Mich. Oct. 2, 2025) ("the government has not established good grounds for either a stay or an extension of the deadlines previously established").

Here, the Court should exercise its discretion to deny a stay because Plaintiffs have demonstrated ongoing constitutional violations and other irreparable harm. *See* ECF No. 49 at 46–47 (citing sworn declarations showing "Plaintiffs are irreparably harmed"). Indeed, regardless of whether Plaintiffs sought preliminary relief, "[t]he loss of [constitutional] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Meanwhile, Defendants' open-ended stay request, if granted, would delay and indefinitely thwart judicial review of Plaintiffs' constitutional challenges—and thereby this Court's performance of its own constitutional function—for an indeterminate period of time. *See* Order, General Docket No. 2023-9 (5th Cir. Sept. 28, 2023) ("[a]ctivities that are necessary to support the exercise of the court's constitutional duty to hear and resolve cases … will be performed"); *see also* General Order, No. 95-01 (10th Cir. Oct. 1, 2025) ("the court will continue all activities necessary to the exercise of the judiciary's constitutional functions"); *In re FTCA Flint Water Cases*, 2025 U.S. Dist. LEXIS 206129, at *2–*3 (E.D. Mich. Oct. 20, 2025) ("This Court, like all federal courts, has an obligation to carry out its Article III constitutional functions (i.e., resolving cases in which there is a constitutional or statutory grant of jurisdiction). In most circumstances, the Court cannot carry out its constitutional duties with only one side's participation. … the Court sees no reason why the lapse in appropriations should preclude the Government's participation in this matter."). Indeed,

this Court's practice is to "continue to hear and decide cases," to "accept and timely process all civil and criminal filings," and to continue "case administration" during a lapse in appropriations.[1]

Put simply, Congress cannot violate the Constitution and then throw up its hands and prevent judicial review by denying the Executive the funding to defend the case. Nor has Congress done so, having left ample statutory authority for this case to proceed. *See* 31 U.S.C. §§ 1341, 1342 ("authorized by law").

## II.  If the Court Grants Any Relief, It Should Be a Brief Extension—Not an Indefinite Stay.

At minimum, this Court should decline to give the Government an indefinite stay followed by a full "ten days" to simply decide on a new schedule. Mot. 2. Appropriations may resume at any time, and the Government could still have weeks to respond to Plaintiffs' motion, which was already timely filed on the public docket (after the shutdown began yet apparently before the Government thought it necessary to propose a stay). Thus, any need for more time is speculative at best. To the extent any relief is appropriate (it is not), the Court should afford the Government a brief, one-week extension of its deadline with the opportunity to make additional requests only if they are necessary and supported by good cause.

## CONCLUSION

For these reasons, Plaintiffs request that the Court deny Defendants' Motion.

---

[1] *See* United States District Court for the Northern District of Texas, Federal Judiciary Limited Operations Beginning October 20 (Oct. 17, 2025), https://www.txnd.uscourts.gov/news/website-will-not-be-updated-beginning-october-20-due-lapse-funding-continue-reading-more.

October 29, 2025

/s/ *Stephen D. Stamboulieh*
Stephen D. Stamboulieh

**STAMBOULIEH LAW, PLLC**
NDTX#: 102784MS
MS Bar No. 102784
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

*Attorney for Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation and Brady Wetz*


/s/ *Brandon W. Barnett*
Brandon W. Barnett
Texas Bar. No. 24053088

**BARNETT HOWARD & WILLIAMS PLLC**
930 W. 1st St., Suite 202
Fort Worth, Texas 76102
Tel: (817) 993-9249
Fax: (817) 697-4388
barnett@bhwlawfirm.com

*Attorney for Private Plaintiffs*


Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Ryan Walters
Deputy Attorney General for Legal Strategy

/s/ *Munera Al-Fuhaid*
Munera Al-Fuhaid

Respectfully submitted,

/s/ *Michael D. Faucette*
Michael D. Faucette
Stephen J. Obermeier
Jeremy J. Broggi
Boyd Garriott
Isaac J. Wyant

**WILEY REIN LLP**
2050 M Street NW
Washington, D.C. 20036
Tel: (202) 719-7000
Fax: (202) 719-7049
mfaucette@wiley.law
sobermeier@wiley.law
jbroggi@wiley.law
bgarriott@wiley.law
iwyant@wiley.law

*Attorneys for Plaintiffs Silencer Shop Foundation, Firearms Regulatory Accountability Coalition, Palmetto State Armory, LLC, B&T USA, LLC, and SilencerCo Weapons Research, LLC*

Special Counsel, Special Litigation Division
Texas Bar No. 24094501

Christina Cella
Special Counsel, Legal Strategy Division
Texas Bar No. 240106199

Office Of The Attorney General Of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 461-6494
Munera.al-fuhaid@oag.texas.gov
christina.cella@oag.texas.gov

*Counsel for Plaintiff State of Texas*

Stephen J. Cox
Attorney General of Alaska

/s/ *Aaron C. Peterson*
Aaron C. Peterson
(Alaska Bar No. 1011087)
Senior Assistant Attorney General

Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: aaron.peterson@alaska.gov

*Counsel for Plaintiff State of Alaska*

Raúl R. Labrador
Attorney General of Idaho

/s/ *Michael A. Zarian*
Michael A. Zarian
Deputy Solicitor General
Texas Bar No. 24115978

Office Of The Idaho Attorney General
700 W Jefferson St #210
Boise, ID 83720
Telephone: (208) 334-2400
Facsimile: (208) 854-8073

Christopher M. Carr
Attorney General of Georgia

/s/ *Elijah J. O'Kelley*
Elijah J. O'Kelley
Deputy Solicitor General

Office Of The Georgia Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(470) 816-1342
eokelley@law.ga.gov

*Counsel for Plaintiff State of Georgia*

Theodore E. Rokita
Attorney General of Indiana

/s/ *James A. Barta*
James A. Barta
Solicitor General

Indiana Attorney General's Office
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709
james.barta@atg.in.gov

michael.zarian@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

Kris W. Kobach
Attorney General of Kansas

*/s/ James Rodriguez*
James Rodriguez
(KS Bar #29172)
Assistant Attorney General

Office Of Kansas Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612-1597
Tel. (785) 368-8197
Jay.Rodriguez@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

Austin Knudsen
Attorney General of Montana

*/s/Christian B. Corrigan*
Christian B. Corrigan*
Solicitor General

Montana Department Of Justice
P.O. Box 201401
Helena, Montana 59620-1401
(406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for Plaintiff State of Montana*
**motion for pro hac vice admission forthcoming*

Gentner Drummond
Attorney General of Oklahoma

*/s/ Garry M. Gaskins, II*
Garry M. Gaskins, II
Solicitor General

Office Of The Attorney General Of Oklahoma

*Counsel for Plaintiff State of Indiana*

Liz Murrill
 Attorney General of Louisiana

*/s/ J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga*
 Solicitor General

Louisiana Department Of Justice
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766
AguinagaB@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*
**motion for pro hac vice admission forthcoming*

Drew H. Wrigley
Attorney General of North Dakota

*/s/ Philip Axt*
Philip Axt
Solicitor General

Office Of North Dakota Attorney General
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Phone: (701) 328-2210
Email: pjaxt@nd.gov

*Counsel for Plaintiff State of North Dakota*

Alan Wilson
Attorney General of South Carolina

*/s/ Thomas T. Hydrick*
Thomas T. Hydrick
(SC Bar No. 103098)
Assistant Deputy Solicitor General

Office Of The Attorney General Of South

<div style="display: flex;">

<div>

313 NE Twenty-First St.  
Oklahoma City, OK 73105  
(405) 521-3921  
garry.gaskins@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

Marty J. Jackley  
Attorney General of South Dakota

*/s/ Grant Flynn*  
Grant Flynn  
Assistant Attorney General

Office Of The Attorney General Of South Dakota  
1302 S.D. Highway 1889, Suite 1  
Pierre, SD 57501-8501  
Telephone: (605) 773-3215  
grant.flynn@state.sd.us

*Counsel for Plaintiff State of South Dakota*

John B. McCuskey  
Attorney General of West Virginia

*/s/ Michael R. Williams*  
Michael R. Williams  
Solicitor General

Office Of The Attorney General  
Of West Virginia  
State Capitol Complex  
Building 1, Room E-26  
1900 Kanawha Blvd. E  
Charleston, WV 25301  
(304) 558-2021  
michael.r.williams@wvag.gov

*Counsel for Plaintiff State of West Virginia*

</div>

<div>

Carolina  
PO Box 11549  
Columbia, South Carolina 29201  
(803) 734-3765  
benmcgrey@scag.gov

*Counsel for Plaintiff State of South Carolina*

Derek Brown  
Attorney General of Utah

*/s/ Andrew Dymek*  
Andrew Dymek  
Solicitor General

Office Of The Utah Attorney General  
160 E. 300 S., 5th floor  
Salt Lake City, Utah 84111

*Counsel for Plaintiff State of Utah*

Keith G. Kautz  
Attorney General of Wyoming

/s/ Ryan Schelhaas  
Ryan Schelhaas  
Chief Deputy Attorney General

Office of the Attorney General of Wyoming  
109 State Capitol  
Cheyenne, WY 82002  
(307) 777-5786  
ryan.schelhaas@wyo.gov

*Counsel for the State of Wyoming*

</div>

</div>