IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| SILENCER SHOP FOUNDATION, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.<br><br>*Defendants*. | Case No. 6:25-cv-00056-H |

**UNOPPOSED MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**

Pursuant to Local Civil Rule 7.2(b), proposed amici the City of Baltimore, Maryland; the City of Columbus, Ohio; and Harris County, Texas; respectfully move the court for leave to file an amicus brief in support of Defendants' Motion for Summary Judgment, ECF No. 59. The proposed amicus brief explains the potential dangers that municipalities and local law enforcement agencies would face should this Court invalidate the National Firearms Act as unconstitutional. The proposed brief also offers additional arguments in support of Defendants' position. A copy of the proposed amicus brief is attached hereto as Exhibit A.

Counsel for proposed amici conferred with counsel for the parties by email on December 1, 2025. Counsel for the the parties responded by email on December 2, 2025, to state that they do not oppose the filing of this amicus brief.

**ARGUMENT**

The Court has broad discretion to allow the filing of an amicus brief. *See Edwards v. Oliver*, No. 3:17-cv-01208, 2021 WL 11717751, at *1 (N.D. Tex. Mar. 4, 2021) ("The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the

1

broad discretion of the district court."); *accord Okechuku v. United States*, No. 3:19-cv-1005, 2019 WL 6497876, at *1 (N.D. Tex. Dec. 3, 2019) (district court has "total discretion in this context"). A few considerations are relevant to the exercise of that discretion. For one, Local Civil Rule 7.2(b) states that an amicus brief "must specifically set forth the interest of the amicus curiae in the outcome of the litigation." Additionally, other "[f]actors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008) (quoting *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)); *see also United States ex rel. Long v. GSD & M Idea City LLC*, No. 3:11-CV-1154-O, 2014 WL 11321670, at *4 (N.D. Tex. Aug. 8, 2014) (same).

The Court should allow proposed amici to file their amicus brief because: (1) amici are local governments that have a significant interest in the outcome of this litigation; (2) the proposed amicus brief provides information that may be useful to the Court; and (3) the brief is timely.

First, amici have an interest in the outcome of this litigation. Amici are two large cities (Baltimore, Maryland and Columbus, Ohio) and a large county (Harris County, Texas). The proposed amicus brief explains the significant interest that municipalities, including amici, have in this Court upholding the constitutionality of the National Firearms Act. In particular, municipalities have an interest in ensuring that the firearms regulated by the National Firearms Act are not misused for criminal purposes. *See* Ex. A at 1-5. Congress has deemed those firearms, which include short-barreled shotguns, short-barreled rifles, and silencers, especially dangerous and likely to be used for criminal purposes. *Id.* at 1, 25. The National Firearms Act imposes

registration and licensing restrictions on access to these dangerous weapons, and should it be struck down, the citizens and law enforcement officers in municipalities around the country—including amici—would potentially face an increased risk of gun violence. *Id.* at 1-5.

Additionally, local law enforcement agencies conduct field operations in conjunction with the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). *Id.* at 4. The National Firearms Act requires the ATF to maintain a database known as the National Firearms Registration and Transfer Record. *Id.* ATF can use that database to ascertain who owns weapons regulated by the National Firearms Act and deploy that information to protect its agents and its local law enforcement partners in the field. *Id.* Should the National Firearms Act's registration requirements be invalidated, then local law enforcement officers who work alongside ATF will be required to conduct field operations without an important tool for ensuring officer safety.

Second, the proposed amicus brief is "useful." *Gudur*, 512 F. Supp. 2d at 927. The brief provides additional briefing and authority on the important constitutional issues raised in this case but not fully discussed by the parties. Those contributions include discussion of the inapplicability of *Texas v. United States*, 945 F.3d 355 (5th Cir. 2019), *rev'd sub nom. California v. Texas*, 593 U.S. 659 (2021), *see* Ex. A at 8-10; the application of severability principles, *see id.* at 14-16; and the history and tradition supporting the NFA's regulation of firearms, *see id.* at 22-25. Accordingly, the proposed amicus brief may be useful to the Court.

Finally, the proposed amicus brief is "timely." *Gudur*, 512 F. Supp. 2d at 927. Defendants' Motion for Summary Judgment, ECF No. 59, was filed on November 20, 2025. Proposed amici filed this motion on December 2, 2025, only eleven days later (including the Thanksgiving holiday). Plaintiffs' combined reply in support of their motion for summary judgment and opposition to defendant's motion for summary judgment is not due until December 15. *See* Order,

ECF No. 58. Thus, Plaintiffs have ample time to respond to arguments raised in the proposed amicus brief.

## CONCLUSION

Proposed amici's unopposed motion for leave to file an amicus brief should be granted.

| | |
|---|---|
| December 2, 2025 | Respectfully submitted, |
| | /s/ Caitlyn Silhan |
| Simon C. Brewer*† (CT Bar No. 441889)<br>Ryan Cooper† (TX Bar No. 24097531)<br>Joel McElvain† (DC Bar No. 448431)<br>DEMOCRACY FORWARD FOUNDATION<br>P.O. Box 34553<br>Washington, D.C. 20043<br>(202) 448-9090<br>(202) 796-4426 (fax)<br>sbrewer@democracyforward.org<br>rcooper@democracyforward.org<br>jmcelvain@democracyforward.org | Caitlyn Silhan (TX Bar No. 24072879)<br>WATERS KRAUS PAUL & SIEGEL<br>3141 Hood Street, Suite 700<br>Dallas, TX 75219<br>(214) 357-6244<br>(214) 357-7252 (fax)<br>csilhan@waterskraus.com<br><br>Samuel P. Siegel† (DC Bar No. 90035964)<br>Rupa Bhattacharyya† (DC Bar No. 1631262)<br>INSTITUTE FOR CONSTITUTIONAL ADVOCACY<br>AND PROTECTION<br>GEORGETOWN LAW<br>600 New Jersey Ave. NW<br>Washington, DC 20001<br>(202) 662-4048<br>(202) 661-6730 (fax)<br>ss5427@georgetown.edu<br>rupa.bhattacharyya@georgetown.edu<br><br>*Counsel for Proposed Amici City of Baltimore, MD;<br>City of Columbus, OH; and Harris County, TX* |

† *Motion for admission pro hac vice forthcoming.*

\* *Not admitted in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the D.C. Bar.*

4

## CERTIFICATE OF CONFERENCE

Counsel for proposed amici conferred with counsel for the parties by email on December 1, 2025. Counsel for the parties responded by email on December 2, 2025, to state that they do not oppose the filing of this amicus brief.

/s/ Caitlyn Silhan
Caitlyn Silhan
*Counsel for Proposed Amici*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2025, I filed the foregoing document using the Court's CM/ECF system. Service on all counsel of record for all parties was accomplished using the Court's CM/ECF system.

/s/ Caitlyn Silhan
Caitlyn Silhan
*Counsel for Proposed Amici*