**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**San Angelo Division**

SILENCER SHOP FOUNDATION; GUN OWNERS OF AMERICA, INC; FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC.; B&T USA, LLC; PALMETTO STATE ARMORY, LLC; SILENCERCO WEAPONS RESEARCH, LLC (d/b/a SILENCERCO); GUN OWNERS FOUNDATION; BRADY WETZ; STATE OF TEXAS; STATE OF ALASKA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MONTANA; STATE OF NORTH DAKOTA; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF UTAH; STATE OF WEST VIRGINIA; and STATE OF WYOMING,

*Plaintiffs*,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; PAMELA BONDI, in her Official Capacity as ATTORNEY GENERAL OF THE UNITED STATES; and DANIEL DRISCOLL, in his Official Capacity as ACTING DIRECTOR OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

*Defendants*.

Case No. 6:25-cv-56-H

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Department of Justice ("DOJ") recently filed an *amicus* brief in *Rhode v. Bonta*, No. 24-542 (9th Cir. Jan. 5, 2026) ("Amicus," attached), a case involving a Second Amendment

challenge to California's ammunition background-check regime. DOJ's brief in that case undermines its arguments here.

First, DOJ maligns the California background check's "inherent and unpredictable delays (from minutes, to days, to … months)" which, together with "hard to explain … fees" that make the process a "costly endeavor," operate as "an intentional burden" on constitutional rights. Amicus 1, 22, 24, 27. In contrast here, DOJ defends the NFA's registration provisions in spite of Plaintiffs suffering similar "indefinite" and "unpredictable delays" (ECF No. 49 at 43), which range from "days" (ECF No. 60 at 30) to "several months to *over a year*" (ECF No. 75 at 43). *See also* ECF No. 15 ¶¶2, 11 (Plaintiffs "must incur costs" and "NFA registration … imposes a significant regulatory burden" and results in "economic losses").

Second, DOJ notes that California's scheme fails to serve its alleged purpose, preventing a "vanishingly small" number of "dangerous prohibited persons from acquiring ammunition," while effectively "hind[ering] law-abiding citizens' exercise of their Second Amendment rights." Amicus 3, 36. Identically here, "the Government cannot claim to have ever found even a single occupational tax evader" (ECF No. 75 at 11) – DOJ's claimed purpose for the NFA's registration requirements (ECF No. 60 at 1) – meanwhile "[t]he NFA's registration requirements deter a significant number of existing and prospective gun owners from acquiring short-barreled firearms and silencers" (ECF No. 15 ¶51). Similarly, DOJ notes that California's regime delays tens of thousands unjustifiably based on "insignificant errors." Amicus 26-27; *cf.* ECF No. 49 at 44 ("Plaintiffs have suffered … 88-day denials, through no fault of their own and despite being perfectly eligible....").

Third, having no link to any legitimate government interest that may find support in the historical record as required by *Bruen*, DOJ characterizes California's regime as in fact "'serv[ing]

a pretextual repressive purpose,'" being "design[ed] … to place roadblocks before gun owners solely to frustrate their ability to bear arms." Amicus 22, 28. Likewise, as Plaintiffs explained here, the NFA "was a pretextual means test to preclude average citizens from possessing NFA firearms." ECF No. 15 ¶57. Indeed, as Defendant ATF describes it, the NFA was enacted with the "purpose to discourage or eliminate transactions in these firearms."[1] *See also* ECF No. 15 ¶11 (NFA "discourage[es] some from acquiring altogether"). As DOJ rightly concludes, California's "firearms regulations … designed to thwart the right to bear arms … are unconstitutional…." Amicus 4. Yet DOJ continues to defend the NFA here, despite it having the same impermissible purpose.

Fourth, DOJ asserts that "pretextual restrictions" which "advance an illegitimate purpose are unconstitutional" on their face, such as "former Confederate States [which] made 'systematic efforts' to disarm black people." Amicus 16, 18. Yet here, DOJ sought "to justify the NFA using racist history that is 'probative of what the Constitution does not mean.'" ECF No. 75 at 45.

In sum, DOJ's amicus brief in *Rhode* provides compelling reasons to find the NFA unconstitutional here.

Dated: January 16, 2026 Respectfully submitted,


| | |
|---|---|
| */s/ Stephen D. Stamboulieh*<br>Stephen D. Stamboulieh<br><br>**STAMBOULIEH LAW, PLLC**<br>NDTX#: 102784MS<br>MS Bar No. 102784<br>P.O. Box 428<br>Olive Branch, MS 38654<br>(601) 852-3440<br>stephen@sdslaw.us<br><br>*Attorney for Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation* | */s/ Michael D. Faucette*<br>Michael D. Faucette<br>Stephen J. Obermeier<br>Jeremy J. Broggi<br>Boyd Garriott<br>Isaac J. Wyant<br><br>**WILEY REIN LLP**<br>2050 M Street NW<br>Washington, D.C. 20036<br>Tel: (202) 719-7000<br>Fax: (202) 719-7049<br>mfaucette@wiley.law |


[1] https://www.atf.gov/rules-and-regulations/laws-alcohol-tobacco-firearms-and-explosives/national-firearms-act.

| | |
|---|---|
| *and Brady Wetz*<br><br>*/s/ Brandon W. Barnett*<br>Brandon W. Barnett<br>Texas Bar. No. 24053088<br><br>**BARNETT HOWARD & WILLIAMS PLLC**<br>930 W. 1st St., Suite 202<br>Fort Worth, Texas 76102<br>Tel: (817) 993-9249<br>Fax: (817) 697-4388<br>barnett@bhwlawfirm.com<br><br>*Attorney for Private Plaintiffs* | sobermeier@wiley.law<br>jbroggi@wiley.law<br>bgarriott@wiley.law<br>iwyant@wiley.law<br><br>*Attorneys for Plaintiffs Silencer Shop Foundation, Firearms Regulatory Accountability Coalition, Palmetto State Armory, LLC, B&T USA, LLC, and SilencerCo Weapons Research, LLC* |
| Ken Paxton<br>Attorney General of Texas<br><br>Brent Webster<br>First Assistant Attorney General<br><br>Ralph Molina<br>Deputy First Assistant Attorney General<br><br>Ryan Walters<br>Deputy Attorney General for Legal Strategy<br><br>/s/ *Munera Al-Fuhaid*<br>Munera Al-Fuhaid<br>Special Counsel, Special Litigation Division<br>Texas Bar No. 24094501<br><br>Christina Cella<br>Special Counsel, Legal Strategy Division<br>Texas Bar No. 240106199<br><br>Office Of The Attorney General Of Texas<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 461-6494<br>Munera.al-fuhaid@oag.texas.gov<br>christina.cella@oag.texas.gov<br><br>*Counsel for Plaintiff State of Texas* | |

| | |
|---|---|
| Treg R. Taylor<br>Attorney General of Alaska<br><br>/s/ *Aaron C. Peterson*<br>Aaron C. Peterson*<br>(Alaska Bar No. 1011087)<br>Senior Assistant Attorney General<br><br>Department of Law<br>1031 West Fourth Avenue, Ste. 200<br>Anchorage, AK 99501<br>Telephone: (907) 269-5232<br>Facsimile: (907) 276-3697<br>Email: aaron.peterson@alaska.gov<br><br>*Counsel for Plaintiff State of Alaska*<br>**motion for pro hac vice admission forthcoming* | Christopher M. Carr<br>Attorney General of Georgia<br><br>*/s/ Elijah J. O'Kelley*<br>Elijah J. O'Kelley*<br>Deputy Solicitor General<br><br>Office Of The Georgia Attorney General<br>40 Capitol Square, SW<br>Atlanta, Georgia 30334<br>(470) 816-1342<br>eokelley@law.ga.gov<br><br>*Counsel for Plaintiff State of Georgia*<br>**motion for pro hac vice admission forthcoming* |
| Raúl R. Labrador<br>Attorney General of Idaho<br><br>*/s/ Michael A. Zarian*<br>Michael A. Zarian<br>Deputy Solicitor General<br>Texas Bar No. 24115978<br><br>Office Of The Idaho Attorney General<br>700 W Jefferson St #210<br>Boise, ID 83720<br>Telephone: (208) 334-2400<br>Facsimile: (208) 854-8073<br>michael.zarian@ag.idaho.gov<br><br>*Counsel for Plaintiff State of Idaho* | Theodore E. Rokita<br>Attorney General of Indiana<br><br>*/s/ James A. Barta*<br>James A. Barta*<br>Solicitor General<br><br>Indiana Attorney General's Office<br>IGCS – 5th Floor<br>302 W. Washington St.<br>Indianapolis, IN 46204<br>(317) 232-0709<br>james.barta@atg.in.gov<br><br>*Counsel for Plaintiff State of Indiana*<br>**motion for pro hac vice admission forthcoming* |
| Kris W. Kobach<br>Attorney General of Kansas<br><br>*/s/ James Rodriguez*<br>James Rodriguez<br>(KS Bar #29172)<br>Assistant Attorney General<br><br>Office Of Kansas Attorney General<br>120 SW 10th Ave., 2nd Floor | Liz Murrill<br>Attorney General of Louisiana<br><br>*/s/ J. Benjamin Aguiñaga*<br>J. Benjamin Aguiñaga*<br>Solicitor General<br><br>Louisiana Department Of Justice<br>1885 N. Third Street<br>Baton Rouge, LA 70804 |

| | |
|---|---|
| Topeka, KS 66612-1597<br>Tel. (785) 368-8197<br>Jay.Rodriguez@ag.ks.gov<br><br>*Counsel for Plaintiff State of Kansas* | (225) 326-6766<br>AguinagaB@ag.louisiana.gov<br><br>*Counsel for Plaintiff State of Louisiana*<br>**motion for pro hac vice admission forthcoming* |
| Austin Knudsen<br>Attorney General of Montana<br><br>*/s/Christian B. Corrigan*<br>Christian B. Corrigan*<br>Solicitor General<br><br>Montana Department Of Justice<br>P.O. Box 201401<br>Helena, Montana 59620-1401<br>(406) 444-2026<br>Christian.Corrigan@mt.gov<br><br>*Counsel for Plaintiff State of Montana*<br>**motion for pro hac vice admission forthcoming* | Drew H. Wrigley<br>Attorney General of North Dakota<br><br>*/s/ Philip Axt*<br>Philip Axt<br>Solicitor General<br><br>Office Of North Dakota Attorney General<br>600 E. Boulevard Ave., Dept. 125<br>Bismarck, ND 58505<br>Phone: (701) 328-2210<br>Email: pjaxt@nd.gov<br><br>*Counsel for Plaintiff State of North Dakota* |
| Gentner Drummond<br>Attorney General of Oklahoma<br><br>*/s/ Garry M. Gaskins, II*<br>Garry M. Gaskins, II*<br>Solicitor General<br><br>Office Of The Attorney General Of Oklahoma<br>313 NE Twenty-First St.<br>Oklahoma City, OK 73105<br>(405) 521-3921<br>garry.gaskins@oag.ok.gov<br><br>*Counsel for Plaintiff State of Oklahoma*<br>**motion for pro hac vice admission forthcoming* | Alan Wilson<br>Attorney General of South Carolina<br><br>*/s/ Benjamin M. McGrey*<br>Benjamin M. McGrey*<br>(Fed. Bar No. 14374)<br>Assistant Deputy Solicitor General<br><br>Office Of The Attorney General Of South Carolina<br>PO Box 11549<br>Columbia, South Carolina 29201<br>(803) 734-3765<br>benmcgrey@scag.gov<br><br>*Counsel for Plaintiff State of South Carolina*<br>**motion for pro hac vice admission forthcoming* |
| Marty J. Jackley<br>Attorney General of South Dakota<br><br>*/s/ Amanda Miiller*<br>Amanda Miiller* | Derek Brown<br>Attorney General of Utah<br><br>*/s/ Andrew Dymek*<br>Andrew Dymek* |

| | |
|---|---|
| (SD Bar No. 4271)<br>Deputy Attorney General<br><br>Office Of The Attorney General Of South Dakota<br>1302 East Highway 14, Suite 1<br>Pierre, SD 57501-8501<br>Telephone: (605) 773-3215<br>amanda.miiller@state.sd.us<br>*Counsel for Plaintiff State of South Dakota*<br>**motion for pro hac vice admission forthcoming* | Solicitor General<br><br>Office Of The Utah Attorney General<br>160 E. 300 S., 5th floor<br>Salt Lake City, Utah 84111<br><br>*Counsel for Plaintiff State of Utah*<br>**motion for pro hac vice admission forthcoming* |
| John B. McCuskey<br>Attorney General of West Virginia<br><br>*/s/ Michael R. Williams*<br>Michael R. Williams*<br>Solicitor General<br><br>Office Of The Attorney General<br>Of West Virginia<br>State Capitol Complex<br>Building 1, Room E-26<br>1900 Kanawha Blvd. E<br>Charleston, WV 25301<br>(304) 558-2021<br>michael.r.williams@wvag.gov<br><br>*Counsel for Plaintiff State of West Virginia*<br>**motion for pro hac vice admission forthcoming* | Keith G. Kautz<br>Attorney General of Wyoming<br><br>/s/ Ryan Schelhaas_<br>Ryan Schelhaas*<br>Chief Deputy Attorney General<br><br>Office of the Attorney General of Wyoming<br>109 State Capitol<br>Cheyenne, WY 82002<br>(307) 777-5786<br>ryan.schelhaas@wyo.gov<br><br>*Counsel for the State of Wyoming*<br>**motion for pro hac vice admission forthcoming* |

**CERTIFICATE OF SERVICE**

I, Stephen D. Stamboulieh, hereby certify that, on January 16, 2026, I have caused the foregoing document to be filed with this Court's CM/ECF system, which caused a Notice of Electronic Filing and copy of this document to be delivered to all counsel of record.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh