IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
San Angelo Division

| | |
|---|---|
| SILENCER SHOP FOUNDATION; GUN OWNERS OF AMERICA, INC; FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC.; B&T USA, LLC; PALMETTO STATE ARMORY, LLC; SILENCERCO WEAPONS RESEARCH, LLC (d/b/a SILENCERCO); GUN OWNERS FOUNDATION; BRADY WETZ; STATE OF TEXAS; STATE OF ALASKA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MONTANA; STATE OF NORTH DAKOTA; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF UTAH; STATE OF WEST VIRGINIA; and STATE OF WYOMING,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; PAMELA BONDI, in her Official Capacity as ATTORNEY GENERAL OF THE UNITED STATES; and DANIEL DRISCOLL, in his Official Capacity as ACTING DIRECTOR OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>   *Defendants*. | Case No. 6:25-cv-56-H |

**MOTION TO STRIKE DEFENDANTS' REPLY APPENDIX OR, IN THE
ALTERNATIVE, TO GRANT PLAINTIFFS LEAVE TO FILE A SURREPLY**

"[T]he purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence." *Javakhadze v. Mayorkas*, No. 3:21-CV-00617-E, 2023 WL 8037730, at *8 (N.D. Tex. Nov. 20, 2023) (quoting *Tovar v. United States*, No. 3:98-CV-1682, 2000 WL 425170, at *4 n.8 (N.D. Tex. Apr. 18, 2000), *aff'd*, 244 F.3d 135 (5th Cir. 2000) (per curiam)). Notwithstanding this well-established precept, Defendants' Reply Brief (Dkt. 85) relies on a Supplemental Appendix (Dkt. 86) filed without leave of the Court and which contains a new evidentiary declaration. The Court should strike Defendants' reply appendix. Alternatively, the Court should allow Plaintiffs to file a surreply.[1]

## I.     THE COURT SHOULD STRIKE THE REPLY APPENDIX

"[T]he Local Civil Rules on summary judgment do not permit a party to submit additional evidence with a reply brief as of right." *Pem-Air Turbine Engine Servs. LLC v. Gupta*, No. 3:21-CV-180-L-BN, 2024 WL 1317798, at *16 (N.D. Tex. Mar. 27, 2024); *see* N.D. Tex. Civ. R. 56.7 ("a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence"); N.D. Tex. Civ. R. 7.2(e) (appendix may accompany a motion or response, not a reply). "Further, 'a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.'" *Leis v. Sw. Airlines Co.*, No. 3:16-CV-1538-M, 2017 WL 879225, at *3 (N.D. Tex. Mar. 6, 2017). "Accordingly, leave to file new evidence in support of a reply will be granted only in limited circumstances." *Ibid.* (citation omitted).

Here, the Government did not seek leave to file the Supplemental Appendix with its Reply. The regular practice in this District is to strike such unapproved "summary judgment reply

---

[1] Pursuant to Local Civil Rule 7.1(a), Plaintiffs' counsel conferred with Defendants' counsel. Defendants counsel indicated that Defendants oppose Plaintiffs' motion to strike but do not oppose a surreply.

1

appendixes on the ground that they are not permitted under this court's local civil rules." *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001) (collecting cases); *see also, e.g., id.* at 104 ("Dethrow filed a reply appendix without first obtaining leave of court. The court therefore strikes the appendix"); *Pem-Air Turbine*, 2024 WL 1317798, at *16 ("Because Defendants did not seek leave of court to file the reply appendix, the evidence in the reply appendix cannot be offered to support Defendants' summary judgment."); *Javakhadze*, 2023 WL 8037730, at *8 ("the Court strikes the document … for violating the Local Rules and will also disregard the corresponding argument in Javakhadze's reply brief").

Nor would there have been "sufficient cause" to grant leave had the Government asked. *See RLI Ins. Co. v. Philadelphia Indem. Ins. Co.*, 421 F. Supp. 2d 956, 959 (N.D. Tex. 2006). Plaintiffs' Amended Complaint and Plaintiffs' Motion for Summary Judgment each clearly state Plaintiffs' argument that the challenged National Firearms Act ("NFA") provisions cannot be upheld under the federal tax power because the One Big Beautiful Bill Act zeroed the firearm making and transfer taxes. Pls.' Mem. Supp. Summ. J. 14–17 (Dkt. 49); *see also* Am. Compl. ¶¶ 66–70 (Dkt. 15). Under the briefing schedule and extension approved by the Court, the Government had more than a month to prepare its response to Plaintiffs' Motion for Summary Judgment. Indeed, the Government's initial Appendix already includes a bespoke affidavit purporting to address the tax power issue. *See* Defs.' App.0182–89 (Ambro Declaration) (Dkt. 61). Having apparently concluded its original affidavit is insufficient, the Government filed a new one with its Reply. But even if the Government had timely sought the Court's permission, its mere desire for a second bite at the apple is not a sufficient reason to depart from the orderly processes established by the Local Rules. The Court should strike the Supplemental Appendix.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO FILE A SURREPLY

Conceding that the NFA's firearm registration requirements cannot be supported by the now-zeroed firearm making and transfer taxes, the Government's summary judgment motion argues they are supported by the special occupational tax. But the firearm registration requirements are not plainly adapted to collecting that tax, as Plaintiffs' opposition brief already showed. Pls.' Reply & Opp'n 8–11 (Dkt. 75).

The Government's new declaration purports to undermine Plaintiffs' counterarguments, asserting that "the NFA Division regularly denies applications where a transferor or transferee hasn't properly paid the SOT." Defs.' SuppApp.0004 (Second Albro Decl. ¶ 10); *see* Defs.' Reply at 7–8 (Dkt. 85). A surreply would show that this makes no difference. For one thing, the new declaration describes only ATF's *historical* practice under the prior statute where verification of special occupational taxpayer status was sometimes relevant to the exemption for making and transfer taxes. It does not address the changes wrought by Congress in the One Big Beautiful Bill Act nor claim that there is reason for ATF to follow the same process going forward.

Nor is it significant that in 2025 "the NFA Division disapproved 691 applications because of SOT issues, including a transferor's or transferee's failure to properly pay the SOT." Defs.' SuppApp.0004 (Second Albro Decl. ¶ 10); *see* Defs. Reply at 8. Tellingly, the new declaration does not identify the actual composition of these "SOT issues," many of which likely were easily corrected paperwork errors having nothing to do with special occupational tax payment. Nor does the declaration state how many of the applications were eventually approved. Regardless, 691 is just 0.03 percent of the "2,195,034 total NFA weapons [that] were transferred" last year. *See* Defs.' App.0189 (Albro Decl. ¶ 32). That small fraction confirms Plaintiffs' argument that the

3

firearm registration requirement is not plainly adapted to collecting the special occupational tax. *See* Pls.' Reply & Opp'n at 10–11.

## CONCLUSION

For the forgoing reasons, the Court should strike Defendants' reply appendix. Alternatively, the Court should allow Plaintiffs to file a surreply.

| | |
|---|---|
| Dated: January 27, 2026 | Respectfully submitted, |
| <u>/s/ Stephen D. Stamboulieh</u><br>Stephen D. Stamboulieh | <u>/s/ Michael D. Faucette</u><br>Michael D. Faucette<br>Stephen J. Obermeier |
| **STAMBOULIEH LAW, PLLC**<br>NDTX#: 102784MS<br>MS Bar No. 102784<br>P.O. Box 428<br>Olive Branch, MS 38654<br>(601) 852-3440<br>stephen@sdslaw.us | Jeremy J. Broggi<br>Boyd Garriott<br>Isaac J. Wyant<br><br>**WILEY REIN LLP**<br>2050 M Street NW<br>Washington, D.C. 20036<br>Tel: (202) 719-7000<br>Fax: (202) 719-7049 |
| *Attorney for Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation and Brady Wetz* | mfaucette@wiley.law<br>sobermeier@wiley.law<br>jbroggi@wiley.law<br>bgarriott@wiley.law<br>iwyant@wiley.law |
| <u>/s/ Brandon W. Barnett</u><br>Brandon W. Barnett<br>Texas Bar No. 24053088 | *Attorneys for Plaintiffs Silencer Shop Foundation, Firearms Regulatory Accountability Coalition, Palmetto State Armory, LLC, B&T USA, LLC, and SilencerCo Weapons Research, LLC* |
| **BARNETT HOWARD & WILLIAMS PLLC**<br>930 W. 1st St., Suite 202<br>Fort Worth, Texas 76102<br>Tel: (817) 993-9249<br>Fax: (817) 697-4388<br>barnett@bhwlawfirm.com | |
| *Attorney for Private Plaintiffs* | |
| Ken Paxton<br>Attorney General of Texas<br><br>Brent Webster<br>First Assistant Attorney General | |

4

Ralph Molina
Deputy First Assistant Attorney General

Ryan Walters
Deputy Attorney General for Legal Strategy

*/s/ Munera Al-Fuhaid*
Munera Al-Fuhaid
Special Counsel, Special Litigation Division
Texas Bar No. 24094501

Christina Cella
Special Counsel, Legal Strategy Division
Texas Bar No. 240106199

Office Of The Attorney General Of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 461-6494
Munera.al-fuhaid@oag.texas.gov
christina.cella@oag.texas.gov

*Counsel for Plaintiff State of Texas*


Stephen J. Cox
Attorney General of Alaska

*/s/ Aaron C. Peterson*
Aaron C. Peterson
(Alaska Bar No. 1011087)
Senior Assistant Attorney General

Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: aaron.peterson@alaska.gov

*Counsel for Plaintiff State of Alaska*

Raúl R. Labrador
Attorney General of Idaho

Christopher M. Carr
Attorney General of Georgia

*/s/ Elijah J. O'Kelley*
Elijah J. O'Kelley
Deputy Solicitor General

Office Of The Georgia Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(470) 816-1342
eokelley@law.ga.gov

*Counsel for Plaintiff State of Georgia*

Theodore E. Rokita
Attorney General of Indiana

5

| | |
|---|---|
| */s/ Michael A. Zarian* | */s/ James A. Barta* |
| Michael A. Zarian | James A. Barta |
| Deputy Solicitor General | Solicitor General |
| Texas Bar No. 24115978 | |
| | Indiana Attorney General's Office |
| Office Of The Idaho Attorney General | IGCS – 5th Floor |
| 700 W Jefferson St #210 | 302 W. Washington St. |
| Boise, ID 83720 | Indianapolis, IN 46204 |
| Telephone: (208) 334-2400 | (317) 232-0709 |
| Facsimile: (208) 854-8073 | james.barta@atg.in.gov |
| michael.zarian@ag.idaho.gov | |
| | *Counsel for Plaintiff State of Indiana* |
| *Counsel for Plaintiff State of Idaho* | |

Kris W. Kobach
Attorney General of Kansas

Liz Murrill
Attorney General of Louisiana

*/s/ James Rodriguez*
James Rodriguez
(KS Bar #29172)
Assistant Attorney General

*/s/ J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga*
Solicitor General

Office Of Kansas Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612-1597
Tel. (785) 368-8197
Jay.Rodriguez@ag.ks.gov

Louisiana Department Of Justice
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766
AguinagaB@ag.louisiana.gov

*Counsel for Plaintiff State of Kansas*

*Counsel for Plaintiff State of Louisiana*
*\*motion for pro hac vice admission forthcoming*

Austin Knudsen
Attorney General of Montana

Drew H. Wrigley
Attorney General of North Dakota

*/s/ Christian B. Corrigan*
Christian B. Corrigan*
Solicitor General

*/s/ Philip Axt*
Philip Axt
Solicitor General

Montana Department Of Justice
P.O. Box 201401
Helena, Montana 59620-1401
(406) 444-2026
Christian.Corrigan@mt.gov

Office Of North Dakota Attorney General
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Phone: (701) 328-2210
Email: pjaxt@nd.gov

*Counsel for Plaintiff State of Montana*
*\*motion for pro hac vice admission forthcoming*

*Counsel for Plaintiff State of North Dakota*

6

| | |
|---|---|
| Gentner Drummond<br>Attorney General of Oklahoma | Alan Wilson<br>Attorney General of South Carolina |
| */s/ Garry M. Gaskins, II*<br>Garry M. Gaskins, II<br>Solicitor General | */s/ Thomas T. Hydrick*<br>Thomas T. Hydrick<br>(SC Bar No. 103098)<br>Assistant Deputy Solicitor General |
| Office Of The Attorney General Of Oklahoma<br>313 NE Twenty-First St.<br>Oklahoma City, OK 73105<br>(405) 521-3921<br>garry.gaskins@oag.ok.gov | Office Of The Attorney General Of South Carolina<br>PO Box 11549<br>Columbia, South Carolina 29201<br>(803) 734-3765<br>benmcgrey@scag.gov |
| *Counsel for Plaintiff State of Oklahoma* | *Counsel for Plaintiff State of South Carolina* |
| Marty J. Jackley<br>Attorney General of South Dakota | Derek Brown<br>Attorney General of Utah |
| */s/ Grant Flynn*<br>Grant Flynn<br>Assistant Attorney General | */s/ Andrew Dymek*<br>Andrew Dymek<br>Solicitor General |
| Office Of The Attorney General Of South Dakota<br>1302 East Highway 14, Suite 1<br>Pierre, SD 57501-8501<br>Telephone: (605) 773-3215<br>grant.flynn@state.sd.us | Office Of The Utah Attorney General<br>160 E. 300 S., 5th floor<br>Salt Lake City, Utah 84111<br><br>*Counsel for Plaintiff State of Utah* |
| *Counsel for Plaintiff State of South Dakota* | |
| John B. McCuskey<br>Attorney General of West Virginia | Keith G. Kautz<br>Attorney General of Wyoming |
| */s/ Michael R. Williams*<br>Michael R. Williams<br>Solicitor General | */s/ Ryan Schelhaas*<br>Ryan Schelhaas<br>Chief Deputy Attorney General |
| Office Of The Attorney General Of West Virginia<br>State Capitol Complex<br>Building 1, Room E-26<br>1900 Kanawha Blvd. E | Office of the Attorney General of Wyoming<br>109 State Capitol<br>Cheyenne, WY 82002<br>(307) 777-5786<br>ryan.schelhaas@wyo.gov |

Charleston, WV 25301
(304) 558-2021                                    *Counsel for Plaintiff State of Wyoming*
michael.r.williams@wvag.gov

*Counsel for Plaintiff State of West Virginia*

8