IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| SILENCER SHOP FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, <br><br> *Defendants*. | No. 6:25-cv-56-H |

**DEFENDANTS' COMBINED OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiffs have moved to strike from the record a four-page declaration that defendants filed with their second brief on the parties' cross-motions for summary judgment or, alternatively, for leave to file a surreply to address this additional evidence. *See* ECF No. 95 ("Mot. to Strike"). Defendants oppose plaintiffs' motion to strike but do not oppose plaintiffs' request to file a surreply. Additionally, defendants request the Court's leave to submit this additional evidence for the record.

<u>*Opposition to Motion to Strike.*</u> In their second brief on the parties' cross-motions for summary judgment, plaintiffs made an unsupported factual assertion: "the Government cannot claim to have ever found even a single occupational tax evader." *See* Memo. ISO Pls.' Comb. Reply ISO Their MSJ & in Opp. to Defs.' MSJ ("Pls.' Reply") at 11, ECF No. 75. So, in their second brief, defendants corrected that assertion: the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") routinely discovers so-called single-occupational-tax evaders. *See* Reply ISO Defs.' MSJ ("Defs.' Reply") at 7–8, ECF No. 85. And defendants supported their response with actual evidence—

1

*i.e.*, a four-page declaration form the Chief of ATF's National Firearms Act ("NFA") Division. *See id.* (citing Second Decl. of Stephen Albro, SuppApp.0002–5).

      Plaintiffs now ask the Court to pretend those unfavorable facts don't exist by *striking* that declaration from the record. *See* Mot. to Strike at 1. But such an extreme measure is unwarranted and would be an ill-fitting remedy under these circumstances. The proper remedy, if the Court thinks that plaintiffs should have the last word on the matter, would be to allow plaintiffs the opportunity to file a surreply that is limited to addressing the additional evidence that defendants submitted—something defendants do not oppose. *See* Pls.' Mot. at 1 n.1 (noting defendants' non-opposition to a surreply); *see also, e.g.*, *Hayes v. Dye*, 2010 WL 3515578, at *13 (E.D. Ky. Sept. 2, 2010) ("[G]ranting leave to file a sur-reply is preferable and more pragmatic than the extreme remedy of striking" materials from the record.); *SEC v. McNaul*, 2010 WL 4553437, at *1 (D. Kan. Nov. 3, 2010) (similar); *Busenbark v. Panhandle E. Pipe Line Co.*, 2014 WL 6977204, at *2 (S.D. Ind. Dec. 8, 2014) (granting the opportunity to file a surreply rather than striking a declaration submitted with a party's reply). Given the constitutional significance of this case, that calibrated relief would be far more appropriate than removing defendants' unrebutted evidence from the record. And allowing plaintiffs to file a surreply to address this evidence would eliminate any prejudice that they could otherwise claim to suffer. The Court should therefore deny plaintiffs' motion to strike.

      <u>**Motion for Leave to Submit Additional Evidence.**</u> This Court's local rules require a party to obtain leave to submit "supplemental … evidence" in support of a motion for summary judgment. *See* Civ. L.R. 56.7. The Court has "leeway to allow a party to supplement its motion for summary judgment, and the decision to grant or deny leave to supplement is within this Court's sound discretion." *Sneed v. Crown Equip. Corp.*, 2025 Ql 391763, at *1 (N.D. Tex. Feb. 3, 2025) (cleaned up). Whether good cause exists for a request to file supplemental materials turns on several considerations,

including the supplementing party's explanation for the request, the supplemental material's importance, and the potential for prejudice for the non-moving party. *See id.*

Here, defendants request the Court's leave so that the declaration they submitted with their second brief can be accepted into the record. As explained, defendants submitted this declaration to respond solely to an argument that plaintiffs raised for the first time in their second brief on the parties' cross-motions for summary judgment. This additional evidence would thus provide the Court with an adequate record on the issue and, in turn, would assist the Court in resolving this constitutionally significant case. Moreover, plaintiffs would not be prejudiced by the requested relief, as they have sought leave to file a surreply to address defendants' additional evidence, which defendants do not oppose. That plaintiffs nonetheless appear to oppose defendants' request to submit this additional evidence into the record is thus unwarranted, especially given that plaintiffs have sought to supplement the record multiple times since filing their second brief, *see* ECF Nos. 87, 98, which defendants have not opposed for the sake of this Court having a complete record.

Dated: February 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

3

## CERTIFICATE OF CONFERENCE

The parties conferred, and plaintiffs do not consent to the relief requested herein as of the time of this filing.

                                        */s/ Jody D. Lowenstein*
                                        JODY D. LOWENSTEIN
                                        Trial Attorney
                                        U.S. Department of Justice

## CERTIFICATE OF SERVICE

On February 17, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                        */s/ Jody D. Lowenstein*
                                        JODY D. LOWENSTEIN
                                        Trial Attorney
                                        U.S. Department of Justice