**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

|  |  |
|---|---|
| SILENCER SHOP FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, <br><br> *Defendants*. | No. 6:25-cv-56-H |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
SUPPLEMENTAL EVIDENCE**

Defendants respectfully oppose plaintiffs' motion for leave to file supplemental evidence in support of their motion for summary judgment, *see* Pls.' Mot. for Leave to File Notice of Suppl. Auth., ECF No. 98, on the grounds that the evidence plaintiffs wish to submit is misleading and irrelevant to the issues in this case.

On February 9, 2026—eight weeks after filing their last brief on the parties' cross-motions for summary judgment—plaintiffs asked this Court for permission to submit the following supplemental evidence:

- Two redacted applications to make a National Firearms Act ("NFA") firearm that a Gun Owners of America ("GOA") member submitted in early January 2026, *see* ECF Nos. 98-2 (short-barreled shotgun), 98-3 (suppressor); and

- A related, redacted email that the Industry Processing Branch of the Bureau of Alcohol, Tobacco, Firearms and Explosive's ("ATF") NFA Division purportedly sent to this GOA member in late January 2026, *see* ECF No. 98-4.

Plaintiffs contend that this evidence shows that ATF disapproved this GOA member's applications to make a short-barreled shotgun and a suppressor because he wished to exercise his Second Amendment right, and that those disapprovals in turn demonstrate that the NFA is not a

1

presumptively lawful licensing scheme that employs objective and definite criteria but rather operates based on ATF's "open-ended discretion," contrary to what the Fifth Circuit held in *United States v. Peterson*, 161 F.4th 331 (5th Cir. 2025). *See* Pls.' Notice of Suppl. Auth. at 2–3, ECF No. 98-1.

But that's barely half the story. What plaintiffs have not told this Court is that, on February 11, 2026, ATF *approved* this GOA's member's resubmitted applications to make the same short-barreled shotgun and suppressor. *See* Third Decl. of Stephen Albro ¶¶ 7–8, attached hereto as Ex. 1; *see also id.*, Ex. 1-A. And that same day, ATF sent an email to the GOA member to explain that his original application to make the suppressor "was disapproved in error" and that his resubmitted application would be "processed … with an expedited approval." *See Id.* ¶ 7 & Ex. 1-B. The error, according to ATF, was that the examiner disapproved the application based on the vagueness of the GOA member's answer ("EXERCISE MY GOD GIVEN RIGHT") to Box 4i on the application ("Specify why you intend to make firearm"), which is not a valid reason for disapproval. *See id.* ¶ 6.[1] While ATF's email did not address the disapproval of the GOA member's original application to make the short-barreled shotgun, that disapproval was based on the same error, and thus ATF also expeditiously approved the GOA member's resubmitted application to make that weapon on the same day it approved his application to make the suppressor. *See id.* ¶ 8. Those two approved applications are in addition to fourteen other applications to make or transfer NFA firearms that ATF has approved for this GOA member in February 2026 alone. *See id.* ¶ 9.

In sum, ATF has *permitted* this GOA member to make a short-barreled shotgun and suppressor (in addition to make and transfer several other NFA firearms) in accordance with the NFA. That has been the case for nearly three weeks, during which time plaintiffs made no effort to correct the record or the misimpression that ATF denied this GOA member the ability to lawfully make NFA firearms.

---

[1] To prevent this error from reoccurring, ATF has prepopulated Box 4i in eForms so that applicants will not need to provide a response. *See* Third Decl. of Stephen Albro ¶ 10.

In light of all the facts, this Court should deny plaintiffs leave to file their supplemental evidence. This Court's local rules require a party to obtain leave to submit "supplemental … evidence" in support of a motion for summary judgment. *See* Civ. L.R. 56.7. The Court has "leeway to allow a party to supplement its motion for summary judgment, and the decision to grant or deny leave to supplement is within this Court's sound discretion." *Sneed v. Crown Equip. Corp.*, 2025 WL 391763, at *1 (N.D. Tex. Feb. 3, 2025) (cleaned up). Whether good cause exists for a request to file supplemental materials turns on several considerations, including the supplementing party's explanation for the request, the supplemental material's importance, and the potential that the non-moving party will be prejudiced. *See id.*

According to plaintiffs, they seek to supplement the record to show that ATF denied an individual the ability to make NFA firearms because he wanted to exercise his Second Amendment rights, and thus that the NFA operates based on ATF's "open-ended discretion" rather than the objective, definite criteria of a presumptively lawful licensing scheme. *See* Pls.' Notice of Suppl. Auth. at 2–3. But, when considered in light of all the facts, the evidence plaintiffs wish to submit in no way supports those factual or legal claims. Rather, what plaintiffs are left with is evidence that an ATF Industry Processing Branch specialist made a mistake in disapproving two applications to make an NFA firearm—a mistake that ATF promptly corrected on its own accord. This evidence is probative of no issue in this case, and thus would be of no help to this Court in resolving the parties' cross-motions for summary judgment. *See Gibson v. Fay Servicing LLC*, 2026 WL 477096, at *19 (N.D. Tex. Jan. 26, 2026) (a court "need not review" supplemental evidence that could not "'materially affect the outcome' of the case" (quoting parenthetically *Parsons v. Liberty Ins. Corp.*, 2021 WL 2414765, at *1 (N.D. Tex. June 14, 2021))); *Trammell Crow Residential Co. v. Va. Surety Co.*, 2009 WL 10677440, at *3 n.2 (N.D. Tex. Nov. 9, 2009) (denying motion for leave to submit supplemental evidence under Civil

Local Rule 56.7 where the evidence would not have impacted the court's resolution of the parties' summary judgment motions).

Moreover, because plaintiffs' evidence elides most of the story, it has created a misimpression on the public docket for several weeks that ATF has denied a GOA member the ability to make NFA firearms, when that is simply untrue. *See supra.* Making matters worse, plaintiffs have maintained, without any support, that the initial disapproval of the GOA member's original applications was based on his desire to exercise his Second Amendment right, when not even *their* evidence suggests that. Allowing such an incomplete and misleading record to stand would thus plainly prejudice defendants.

For these reasons, the Court should deny plaintiffs' motion.

Dated: March 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

On March 2, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice