**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
San Angelo Division**

| | |
|---|---|
| SILENCER SHOP FOUNDATION; GUN OWNERS OF AMERICA, INC; FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC.; B&T USA, LLC; PALMETTO STATE ARMORY, LLC; SILENCERCO WEAPONS RESEARCH, LLC (d/b/a SILENCERCO); GUN OWNERS FOUNDATION; BRADY WETZ; STATE OF TEXAS; STATE OF ALASKA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MONTANA; STATE OF NORTH DAKOTA; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF UTAH; STATE OF WEST VIRGINIA; and STATE OF WYOMING, | |
| *Plaintiffs*, | |
| v. | Case No. 6:25-cv-56-H |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; PAMELA BONDI, in her Official Capacity as ATTORNEY GENERAL OF THE UNITED STATES; and DANIEL DRISCOLL, in his Official Capacity as ACTING DIRECTOR OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | |
| *Defendants*. | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

In their Opposition to Plaintiffs' Motion for Leave to File Supplemental Evidence ("Opp.") (ECF #100), Defendants ask this Court to deny Plaintiffs' motion (ECF #98) to submit additional evidence in the form of self-authenticating government records that Defendants now, in any event, have authenticated. Defendants' arguments in support of their opposition fall flat.

For starters, Defendants complain that Plaintiffs filed their Supplemental Authority "eight weeks after filing their last brief on the parties' cross-motions for summary judgment." Opp. at 1. Of course, Plaintiffs did not have this information available to them previously, as Defendants denied the Form 4 applications in question on January 28, 2026, and followed up by email to GOA's member on January 29, 2026, refusing to reverse course. ECF #98-2. Plaintiffs filed their notice with this Court soon thereafter. Notices of supplemental authority are timely when they bring to light new information that was not previously available to the parties. *See* FRAP 28(j); *see, e.g.*, *Patlan v. BMW of N. Am., LLC*, 2024 WL 1328012, at *4 n.7 (D.N.J. Mar. 28, 2024 (party may "advise the court of … relevant authority through a Notice of Supplemental Authority" "after the party's brief has been filed.").

Next, Defendants claim that Plaintiffs' evidence is "misleading," offering a declaration testifying that ATF's denial of a GOA member's "GOD GIVEN RIGHT" in fact was a simple bureaucratic "mistake," not an intentional action on ATF's part. Opp. at 3. But if that were true, certainly ATF would have corrected its "mistake" when GOA's member initially brought the matter to ATF's attention (ECF #98-4 at 2). On the contrary, ATF doubled down, demanding a second time that the GOA member provide ATF a "clear, legal reason." *Id.* And even now, Defendants claim ATF's denial was "based on the vagueness of the GOA member's answer...." Opp. at 2. Of course, Defendants never explain how "EXERCISE MY GOD GIVEN RIGHT" is "vague," how it is not "clear," or how it is not "legal." At bottom, ATF's denial based on purported

"vagueness" demonstrates the lack of clarity *not* in the GOA member's explanation of his reason, but in the standardless way ATF decides which NFA applications to approve and which to deny.

Defendants next claim that Plaintiffs' evidence creates "the misimpression that ATF denied this GOA member the ability to lawfully make NFA firearms."  Opp. at 2.  Instead, ATF claims, it has – *now* – "permitted" this person to make the firearms.  *Id.*; *see also* Third Declaration of Stephen Albro, ECF #101-1 at ¶7.  But there is no misimpression, before or now.  ATF denied the GOA member's application *because of* his answer to Box 4(i).  The fact that ATF has *now* decided to reverse course and *stop* violating the GOA member's Second Amendment rights does not mean that those rights were not violated when the denials occurred.  There can be no dispute that, until it reversed course, ATF "denied" the GOA member "the ability to lawfully make NFA firearms."  So there was no need for Plaintiffs to "correct the record" after ATF finally "*permitted*" (Opp. at 2) the applications, because ATF's recantation[1] did nothing to remedy the constitutional violation that already had occurred.

Next, Defendants assert – without citation to any authority – that Plaintiffs' evidence involves "a mistake that ATF promptly corrected on its own accord."  Opp. at 3.  Hardly.  In fact, ATF failed to correct its mistake even after the GOA member contacted ATF and asked for just that.  ECF #98-4.  Rather, it was only after Plaintiffs learned what had happened, brought the matter to this Court's attention (ECF #98-1), and widely publicized the issue through news coverage and social media attention,[2] that ATF backtracked.  And then, even after ATF claimed

---

[1] https://x.com/ATFHQ/status/2021309701498011806.

[2] https://x.com/GunOwners/status/2020924369057575162;
https://x.com/GunOwners/status/2021321484988191161; https://phase5wsi.com/blog/guns-and-gadgets-atf-denies-gun-owner-for-exercising-his-god-given-right/;
https://www.zerohedge.com/political/gun-owner-denied-firearm-atf-claiming-god-given-rights;
https://dailycaller.com/2026/02/12/government-gun-agency-backtracks-on-permit-denials-after-backlash-from-pro-second-amendment-group/.

that "this specific matter has been resolved" at 2:46 PM on February 10, 2026,[3] in fact ATF *still* had not approved the GOA member's forms, which occurred only on "February 11, 2026" (Opp. at 2) after GOA counsel followed up with ATF.  That is hardly reversal "on its own accord."

Next, Defendants claim that Plaintiffs' evidence is "irrelevant."  Opp. at 1.  Defendants claim that "this evidence is probative of no issue in this case," asserting (without providing their own evidence) that ATF's denial was not "*because*" of the GOA member's "desire to exercise his Second Amendment right...."  Opp. at 3.  But ATF's own documents show that this is *precisely* why ATF denied the forms – on the grounds that "EXERCISE MY GOD GIVEN RIGHT" was "vague," not "clear," and not "legal."  Even so, ATF's ability to deny any NFA application for any reason, even an erroneous reason, is precisely the type of prohibited "open-ended discretion" Plaintiffs discussed in their Notice of Supplemental Authority.  *See* ECF #98-1 at 3.  Defendants' response only confirms the open-ended nature of ATF's NFA process.

Further, ATF did not ultimately allow the GOA member to "EXERCISE [HIS] GOD GIVEN RIGHT," as Defendants claim.  *See* ECF ##98-2, 98-3.  Rather, as demonstrated in the ultimately approved Form 1, GOA's member was forced to change his stated reason from "EXERCISE MY GOD GIVEN RIGHT" to "ALL LAWFUL PURPOSES—PROTECT HEARING BETTER" and "FOR ALL LAWFUL USES—PERSONAL AND HOME DEFENSE."  *See* ECF #101-1 at 6, 9.  It was only after this member *provided that different reason* that ATF finally approved his applications.

Worse still, in disclosing this GOA member's approved Forms on the public docket, Defendants initially failed to properly redact the GOA member's name, city, and state on one of the Forms.  And in Defendants' accompanying declaration, ATF's declarant details that this GOA

---

[3] *See* https://x.com/ATFHQ/status/2021309701498011806.

member has had a number of other NFA forms approved by ATF.  In other words, ATF negligently has given would-be criminals this GOA member's name, his location, and a description of his firearm collection.  While Defendants ultimately did take steps to correct their error and seek to have their original filing placed under seal (*see* ECF #101), the document was available on the public docket of this Court.

Plus, even Defendants' re-filing of the GOA member's approved Forms 4 is problematic. *See* ECF # 101-1, 6-11.  These Forms are considered taxpayer "returns" and are protected, by statute, from disclosure. *See* 26 U.S.C. § 6103; *Baranski v. United States*, 2015 U.S. Dist. LEXIS 71584, at *26-28 (E.D. Mo. June 3, 2015) ("The government states that NFA application forms constitute 'returns' and contain 'return information' within the meaning of § 6103, citing *Lomont v. O'Neill*, 285 F.3d 9, 15, 350 U.S. App. D.C. 357 (D.C. Cir. 2002) (completed application to make a firearm, once filed with ATF, is a 'return' that contains 'return information').");  *DeSalvo v. IRS*, 861 F.2d 1217, 1218 (10th Cir. 1988) (a taxpayer's identity is unambiguously within the scope of return information); *United States v. Hunter*, 863 F. Supp. 462, 476 (E.D. Mich. 1994) (referencing "two ATF Chief Counsel opinions … refusing to give the registration status of a firearm registered with ATF because the registration was a 'return' protected by § 6103" and "holding, *inter alia,* that transferee's identity on transfer forms was tax return information under § 6103").  ATF's own NFA Handbook specifies that ATF is prohibited from "disclosure of tax returns or tax return information.  NFA forms are treated as tax returns and registration information in the NFRTR is considered to be tax return information.  ATF is generally prohibited from disclosing tax returns and tax return information...."[4]  Defendants have not explained whether they

---

[4] National Firearms Act Handbook § 3.4.2, <u>ATF</u> (Apr. 2009), https://tinyurl.com/33nue6cv.

believe some exception to Section 6103 applies, or otherwise why they are justified in filing a GOA member's protected tax information on the public docket.

Redaction does not change the calculus. The Supreme Court has spoken directly to this issue. *See Church of Scientology v. IRS*, 484 U.S. 9, 16, 18 (1987) ("Congress did not intend the statute to allow the disclosure of otherwise confidential return information merely by the redaction of identifying details" and, "as with a return itself, removal of identification from return information would not deprive it of protection under § 6103(b).").

Defendant ATF made what it claims was a "mistake" in denying a law-abiding American the ability to manufacture NFA firearms. Then, in an email, ATF doubled down, refusing to reverse course. And now, although finally conceding "error," ATF has committed a perhaps more egregious error – the inadvertent 'doxxing' of a gun owner by publicizing his sensitive tax return documents in the public domain.

Plaintiffs' supplemental evidence provides further proof that the National Firearms Act is a discretion-laden "may issue" licensing regime, and their Motion for Leave to File Notice of Supplemental Authority should be granted.

Dated: March 16, 2026                                    Respectfully submitted,

| | |
|---|---|
| */s/ Stephen D. Stamboulieh*<br>Stephen D. Stamboulieh<br><br>**STAMBOULIEH LAW, PLLC**<br>NDTX#: 102784MS<br>MS Bar No. 102784<br>P.O. Box 428<br>Olive Branch, MS 38654<br>(601) 852-3440<br>stephen@sdslaw.us<br><br>*Attorney for Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation and Brady Wetz* | */s/ Michael D. Faucette*<br>Michael D. Faucette<br>Stephen J. Obermeier<br>Jeremy J. Broggi<br>Boyd Garriott<br>Isaac J. Wyant<br><br>**WILEY REIN LLP**<br>2050 M Street NW<br>Washington, D.C. 20036<br>Tel: (202) 719-7000<br>Fax: (202) 719-7049<br>mfaucette@wiley.law<br>sobermeier @wiley.law |

jbroggi@wiley.law
bgarriott@wiley.law
iwyant@wiley.law

*Attorneys for Plaintiffs Silencer Shop Foundation, Firearms Regulatory Accountability Coalition, Palmetto State Armory, LLC, B&T USA, LLC, and SilencerCo Weapons Research, LLC*

*/s/ Brandon W. Barnett*
Brandon W. Barnett
Texas Bar. No. 24053088

**BARNETT HOWARD & WILLIAMS PLLC**
930 W. 1st St., Suite 202
Fort Worth, Texas 76102
Tel: (817) 993-9249
Fax: (817) 697-4388
barnett@bhwlawfirm.com

*Attorney for Private Plaintiffs*

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Ryan Walters
Deputy Attorney General for Legal Strategy

*/s/ Munera Al-Fuhaid*
Munera Al-Fuhaid
Special Counsel, Special Litigation Division
Texas Bar No. 24094501

Christina Cella
Special Counsel, Legal Strategy Division
Texas Bar No. 240106199

Office Of The Attorney General Of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 461-6494
Munera.al-fuhaid@oag.texas.gov
christina.cella@oag.texas.gov

*Counsel for Plaintiff State of Texas*

| | |
|---|---|
| Treg R. Taylor<br>Attorney General of Alaska<br><br>/s/ Aaron C. Peterson<br>Aaron C. Peterson*<br>(Alaska Bar No. 1011087)<br>Senior Assistant Attorney General<br><br>Department of Law<br>1031 West Fourth Avenue, Ste. 200<br>Anchorage, AK 99501<br>Telephone: (907) 269-5232<br>Facsimile: (907) 276-3697<br>Email: aaron.peterson@alaska.gov<br><br>*Counsel for Plaintiff State of Alaska*<br>*motion for pro hac vice admission*<br>*forthcoming* | Christopher M. Carr<br>Attorney General of Georgia<br><br>/s/ Elijah J. O'Kelley<br>Elijah J. O'Kelley*<br>Deputy Solicitor General<br><br>Office Of The Georgia Attorney General<br>40 Capitol Square, SW<br>Atlanta, Georgia 30334<br>(470) 816-1342<br>eokelley@law.ga.gov<br><br>*Counsel for Plaintiff State of Georgia*<br>*motion for pro hac vice admission forthcoming* |
| Raúl R. Labrador<br>Attorney General of Idaho<br><br>/s/ Michael A. Zarian<br>Michael A. Zarian<br>Deputy Solicitor General<br>Texas Bar No. 24115978<br><br>Office Of The Idaho Attorney General<br>700 W Jefferson St #210<br>Boise, ID 83720<br>Telephone: (208) 334-2400<br>Facsimile: (208) 854-8073<br>michael.zarian@ag.idaho.gov<br><br>*Counsel for Plaintiff State of Idaho* | Theodore E. Rokita<br>Attorney General of Indiana<br><br>/s/ James A. Barta<br>James A. Barta*<br>Solicitor General<br><br>Indiana Attorney General's Office<br>IGCS – 5th Floor<br>302 W. Washington St.<br>Indianapolis, IN 46204<br>(317) 232-0709<br>james.barta@atg.in.gov<br><br>*Counsel for Plaintiff State of Indiana*<br>*motion for pro hac vice admission forthcoming* |
| Kris W. Kobach<br>Attorney General of Kansas<br><br>/s/ James Rodriguez<br>James Rodriguez<br>(KS Bar #29172)<br>Assistant Attorney General<br><br>Office Of Kansas Attorney General<br>120 SW 10th Ave., 2nd Floor<br>Topeka, KS 66612-1597 | Liz Murrill<br>Attorney General of Louisiana<br><br>/s/ J. Benjamin Aguiñaga<br>J. Benjamin Aguiñaga*<br>Solicitor General<br><br>Louisiana Department Of Justice<br>1885 N. Third Street<br>Baton Rouge, LA 70804<br>(225) 326-6766 |

| | |
|---|---|
| Tel. (785) 368-8197<br>Jay.Rodriguez@ag.ks.gov<br><br>*Counsel for Plaintiff State of Kansas* | AguinagaB@ag.louisiana.gov<br><br>*Counsel for Plaintiff State of Louisiana*<br>*\*motion for pro hac vice admission forthcoming* |
| Austin Knudsen<br>Attorney General of Montana<br><br>*/s/Christian B. Corrigan*<br>Christian B. Corrigan\*<br>Solicitor General<br><br>Montana Department Of Justice<br>P.O. Box 201401<br>Helena, Montana 59620-1401<br>(406) 444-2026<br>Christian.Corrigan@mt.gov<br><br>*Counsel for Plaintiff State of Montana*<br>*\*motion for pro hac vice admission*<br>*forthcoming* | Drew H. Wrigley<br>Attorney General of North Dakota<br><br>*/s/ Philip Axt*<br>Philip Axt<br>Solicitor General<br><br>Office Of North Dakota Attorney General<br>600 E. Boulevard Ave., Dept. 125<br>Bismarck, ND 58505<br>Phone: (701) 328-2210<br>Email: pjaxt@nd.gov<br><br>*Counsel for Plaintiff State of North Dakota* |
| Gentner Drummond<br>Attorney General of Oklahoma<br><br>*/s/ Garry M. Gaskins, II*<br>Garry M. Gaskins, II\*<br>Solicitor General<br><br>Office Of The Attorney General Of<br>Oklahoma<br>313 NE Twenty-First St.<br>Oklahoma City, OK 73105<br>(405) 521-3921<br>garry.gaskins@oag.ok.gov<br><br>*Counsel for Plaintiff State of Oklahoma*<br>*\*motion for pro hac vice admission*<br>*forthcoming* | Alan Wilson<br>Attorney General of South Carolina<br><br>*/s/ Benjamin M. McGrey*<br>Benjamin M. McGrey\*<br>(Fed. Bar No. 14374)<br>Assistant Deputy Solicitor General<br><br>Office Of The Attorney General Of South<br>Carolina<br>PO Box 11549<br>Columbia, South Carolina 29201<br>(803) 734-3765<br>benmcgrey@scag.gov<br><br>*Counsel for Plaintiff State of South Carolina*<br>*\*motion for pro hac vice admission forthcoming* |
| Marty J. Jackley<br>Attorney General of South Dakota<br><br>*/s/ Amanda Miiller*<br>Amanda Miiller\*<br>(SD Bar No. 4271) | Derek Brown<br>Attorney General of Utah<br><br>*/s/ Andrew Dymek*<br>Andrew Dymek\*<br>Solicitor General |

| | |
|---|---|
| Deputy Attorney General<br><br>Office Of The Attorney General Of South Dakota<br>1302 East Highway 14, Suite 1<br>Pierre, SD 57501-8501<br>Telephone: (605) 773-3215<br>amanda.miiller@state.sd.us<br>*Counsel for Plaintiff State of South Dakota*<br>*motion for pro hac vice admission forthcoming* | Office Of The Utah Attorney General<br>160 E. 300 S., 5th floor<br>Salt Lake City, Utah 84111<br><br>*Counsel for Plaintiff State of Utah*<br>*motion for pro hac vice admission forthcoming* |
| John B. McCuskey<br>Attorney General of West Virginia<br><br>*/s/ Michael R. Williams*<br>Michael R. Williams*<br>Solicitor General<br><br>Office Of The Attorney General<br>Of West Virginia<br>State Capitol Complex<br>Building 1, Room E-26<br>1900 Kanawha Blvd. E<br>Charleston, WV 25301<br>(304) 558-2021<br>michael.r.williams@wvag.gov<br><br>*Counsel for Plaintiff State of West Virginia*<br>*motion for pro hac vice admission forthcoming* | Keith G. Kautz<br>Attorney General of Wyoming<br><br>*/s/ Ryan Schelhaas*<br>Ryan Schelhaas*<br>Chief Deputy Attorney General<br><br>Office of the Attorney General of Wyoming<br>109 State Capitol<br>Cheyenne, WY 82002<br>(307) 777-5786<br>ryan.schelhaas@wyo.gov<br><br>*Counsel for the State of Wyoming*<br>*motion for pro hac vice admission forthcoming* |

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen D. Stamboulieh, hereby certify that, on March 16, 2026, I have caused the foregoing document to be filed with this Court's CM/ECF system, which caused a Notice of Electronic Filing and copy of this document to be delivered to all counsel of record.

<u>/s/ Stephen D. Stamboulieh</u>
Stephen D. Stamboulieh