**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
San Angelo Division**

<table>
<tr>
<td>

SILENCER SHOP FOUNDATION; GUN
OWNERS OF AMERICA, INC; FIREARMS
REGULATORY ACCOUNTABILITY
COALITION, INC.; B&T USA, LLC;
PALMETTO STATE ARMORY, LLC;
SILENCERCO WEAPONS RESEARCH,
LLC (d/b/a SILENCERCO); GUN OWNERS
FOUNDATION; BRADY WETZ; STATE
OF TEXAS; STATE OF ALASKA; STATE
OF GEORGIA; STATE OF IDAHO; STATE
OF INDIANA; STATE OF KANSAS;
STATE OF LOUISIANA; STATE OF
MONTANA; STATE OF NORTH
DAKOTA; STATE OF OKLAHOMA;
STATE OF SOUTH CAROLINA; STATE
OF SOUTH DAKOTA; STATE OF UTAH;
STATE OF WEST VIRGINIA; and STATE
OF WYOMING,

*Plaintiffs*,

v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES; UNITED
STATES DEPARTMENT OF JUSTICE;
PAMELA BONDI, in her Official Capacity as
ATTORNEY GENERAL OF THE UNITED
STATES; and DANIEL DRISCOLL, in his
Official Capacity as ACTING DIRECTOR
OF THE BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES,

*Defendants*.

</td>
<td>

Case No. 6:25-cv-56-H

</td>
</tr>
</table>

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority to apprise the Court

of the Supreme Court's recent decision in *Learning Res., Inc. v. Trump*, 146 S.Ct. 628 (2026).

In *Learning Resources*, the Supreme Court reaffirmed the rigid constitutional boundary separating Congress's Article I power to "lay and collect Taxes" from its Article I power to "regulate commerce." *Learning Res., Inc.*, 146 U.S. at 643 ("When Congress addresses both the power to regulate and the power to tax, it does so separately and expressly.").[1] The Supreme Court found this principle "unsurprising, as the 'power to regulate commerce' is 'entirely distinct from the right to levy taxes.'" *Id.* at 143 (quoting *Gibbons*, 9 Wheat., at 201).

*Learning Resources* goes directly to the heart of Plaintiffs' claims. As Plaintiffs explained, the National Firearms Act ("NFA") was enacted "pursuant to [Congress's] taxing power." Memorandum in Support of Plaintiffs' Motion for Summary Judgment ("Memorandum"), ECF # 49 at 14. Now that the One Big Beautiful Bill Act has reduced the relevant NFA tax to $0 on certain firearms, the NFA's registration, possession, and transfer requirements regarding these untaxed firearms exceed Congress's enumerated powers. *See* Memorandum at 14 ("[b]ecause the challenged NFA provisions no longer collect a tax, they cannot be upheld under the taxing power."); *see also id.* at 15-16 ("the NFA's regulatory measures cannot be sustained under Congress's taxing power as applied to untaxed firearms.").

*Learning Resources* also confirms that the Commerce Clause is not a discernable basis to uphold the NFA provisions at issue in this case based on the text, structure, and history of the statute. *See* Memorandum at 17–20; *see also* Memorandum in Support of Plaintiffs' Combined Reply in Support of their Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment ("Reply"), ECF # 75 at 17–22. As Plaintiffs explained, Congress chose to explicitly and exclusively rely on its taxing power to support the challenged NFA provisions—

---

[1] *See also id.* at 643 ("[t]he U. S. Code is replete with statutes granting the Executive the authority to 'regulate' someone or something. Yet the Government cannot identify any statute in which the power to regulate includes the power to tax.").

to the exclusion of its commerce power.  *See ibid.  Learning Resources* employed a similar analysis.  "When Congress addresses both the power to regulate and the power to tax," the Court explained, "it does so separately and expressly."  *Learning Res.*, 146 S. Ct. at 643.  "That Congress did not [invoke] those authorities separately here is strong evidence that," *ibid.*, the statutory invocation of the tax power was to the exclusion of the commerce power.

Because the NFA lacks the required "clear congressional authorization" to function as a standalone regulatory mechanism divorced from its foundational Taxing Power, *Learning Resources* confirms that the statute can no longer be constitutionally applied to untaxed firearms.

Dated: March 21, 2026                                    Respectfully submitted,

| | |
|---|---|
| */s/ Stephen D. Stamboulieh*<br>Stephen D. Stamboulieh<br><br>**STAMBOULIEH LAW, PLLC**<br>NDTX#: 102784MS<br>MS Bar No. 102784<br>P.O. Box 428<br>Olive Branch, MS 38654<br>(601) 852-3440<br>stephen@sdslaw.us<br><br>*Attorney for Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation and Brady Wetz*<br><br><br>*/s/ Brandon W. Barnett*<br>Brandon W. Barnett<br>Texas Bar. No. 24053088<br><br>**BARNETT HOWARD & WILLIAMS PLLC**<br>930 W. 1st St., Suite 202<br>Fort Worth, Texas 76102<br>Tel: (817) 993-9249<br>Fax: (817) 697-4388<br>barnett@bhwlawfirm.com | */s/ Michael D. Faucette*<br>Michael D. Faucette<br>Stephen J. Obermeier<br>Jeremy J. Broggi<br>Boyd Garriott<br><br>**WILEY REIN LLP**<br>2050 M Street NW<br>Washington, D.C. 20036<br>Tel: (202) 719-7000<br>Fax: (202) 719-7049<br>mfaucette@wiley.law<br>sobermeier@wiley.law<br>jbroggi@wiley.law<br>bgarriott@wiley.law<br><br>*Attorneys for Plaintiffs Silencer Shop Foundation, Firearms Regulatory Accountability Coalition, Palmetto State Armory, LLC, B&T USA, LLC, and SilencerCo Weapons Research, LLC* |

3

|  |  |
|---|---|
| *Attorney for Private Plaintiffs* |  |
| Ken Paxton<br>Attorney General of Texas<br><br>Brent Webster<br>First Assistant Attorney General<br><br>Ralph Molina<br>Deputy First Assistant Attorney General<br><br>Ryan Walters<br>Deputy Attorney General for Legal Strategy<br><br>/s/ *Munera Al-Fuhaid*<br>Munera Al-Fuhaid<br>Special Counsel, Special Litigation Division<br>Texas Bar No. 24094501<br><br>Christina Cella<br>Special Counsel, Legal Strategy Division<br>Texas Bar No. 240106199<br><br>Office Of The Attorney General Of Texas<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 461-6494<br>Munera.al-fuhaid@oag.texas.gov<br>christina.cella@oag.texas.gov<br><br>*Counsel for Plaintiff State of Texas* |  |
| Treg R. Taylor<br>Attorney General of Alaska<br><br>/s/ *Aaron C. Peterson*<br>Aaron C. Peterson*<br>(Alaska Bar No. 1011087)<br>Senior Assistant Attorney General<br><br>Department of Law<br>1031 West Fourth Avenue, Ste. 200<br>Anchorage, AK 99501<br>Telephone: (907) 269-5232 | Christopher M. Carr<br>Attorney General of Georgia<br><br>/s/ *Elijah J. O'Kelley*<br>Elijah J. O'Kelley*<br>Deputy Solicitor General<br><br>Office Of The Georgia Attorney General<br>40 Capitol Square, SW<br>Atlanta, Georgia 30334<br>(470) 816-1342<br>eokelley@law.ga.gov |

| | |
|---|---|
| Facsimile: (907) 276-3697<br>Email: aaron.peterson@alaska.gov<br><br>*Counsel for Plaintiff State of Alaska*<br>*\*motion for pro hac vice admission*<br>*forthcoming* | *Counsel for Plaintiff State of Georgia*<br>*\*motion for pro hac vice admission forthcoming* |
| Raúl R. Labrador<br>Attorney General of Idaho<br><br>/s/ *Michael A. Zarian*<br>Michael A. Zarian<br>Deputy Solicitor General<br>Texas Bar No. 24115978<br><br>Office Of The Idaho Attorney General<br>700 W Jefferson St #210<br>Boise, ID 83720<br>Telephone: (208) 334-2400<br>Facsimile: (208) 854-8073<br>michael.zarian@ag.idaho.gov<br><br>*Counsel for Plaintiff State of Idaho* | Theodore E. Rokita<br>Attorney General of Indiana<br><br>/s/ *James A. Barta*<br>James A. Barta\*<br>Solicitor General<br><br>Indiana Attorney General's Office<br>IGCS – 5th Floor<br>302 W. Washington St.<br>Indianapolis, IN 46204<br>(317) 232-0709<br>james.barta@atg.in.gov<br><br>*Counsel for Plaintiff State of Indiana*<br>*\*motion for pro hac vice admission forthcoming* |
| Kris W. Kobach<br>Attorney General of Kansas<br><br>/s/ *James Rodriguez*<br>James Rodriguez<br>(KS Bar #29172)<br>Assistant Attorney General<br><br>Office Of Kansas Attorney General<br>120 SW 10th Ave., 2nd Floor<br>Topeka, KS 66612-1597<br>Tel. (785) 368-8197<br>Jay.Rodriguez@ag.ks.gov<br><br>*Counsel for Plaintiff State of Kansas* | Liz Murrill<br>Attorney General of Louisiana<br><br>/s/ *J. Benjamin Aguiñaga*<br>J. Benjamin Aguiñaga\*<br>Solicitor General<br><br>Louisiana Department Of Justice<br>1885 N. Third Street<br>Baton Rouge, LA 70804<br>(225) 326-6766<br>AguinagaB@ag.louisiana.gov<br><br>*Counsel for Plaintiff State of Louisiana*<br>*\*motion for pro hac vice admission forthcoming* |
| Austin Knudsen<br>Attorney General of Montana<br><br>/s/*Christian B. Corrigan*<br>Christian B. Corrigan\*<br>Solicitor General | Drew H. Wrigley<br>Attorney General of North Dakota<br><br>/s/ *Philip Axt*<br>Philip Axt<br>Solicitor General |

| | |
|---|---|
| Montana Department Of Justice<br>P.O. Box 201401<br>Helena, Montana 59620-1401<br>(406) 444-2026<br>Christian.Corrigan@mt.gov<br><br>*Counsel for Plaintiff State of Montana*<br>*\*motion for pro hac vice admission*<br>*forthcoming* | Office Of North Dakota Attorney General<br>600 E. Boulevard Ave., Dept. 125<br>Bismarck, ND 58505<br>Phone: (701) 328-2210<br>Email: pjaxt@nd.gov<br><br>*Counsel for Plaintiff State of North Dakota* |
| Gentner Drummond<br>Attorney General of Oklahoma<br><br>*/s/ Garry M. Gaskins, II*<br>Garry M. Gaskins, II*<br>Solicitor General<br><br>Office Of The Attorney General Of Oklahoma<br>313 NE Twenty-First St.<br>Oklahoma City, OK 73105<br>(405) 521-3921<br>garry.gaskins@oag.ok.gov<br><br>*Counsel for Plaintiff State of Oklahoma*<br>*\*motion for pro hac vice admission*<br>*forthcoming* | Alan Wilson<br>Attorney General of South Carolina<br><br>/s/ *Benjamin M. McGrey*<br>Benjamin M. McGrey*<br> (Fed. Bar No. 14374)<br>Assistant Deputy Solicitor General<br><br>Office Of The Attorney General Of South Carolina<br>PO Box 11549<br>Columbia, South Carolina 29201<br>(803) 734-3765<br>benmcgrey@scag.gov<br><br>*Counsel for Plaintiff State of South Carolina*<br>*\*motion for pro hac vice admission forthcoming* |
| Marty J. Jackley<br>Attorney General of South Dakota<br><br>*/s/ Amanda Miiller*<br>Amanda Miiller*<br>(SD Bar No. 4271)<br>Deputy Attorney General<br><br>Office Of The Attorney General Of South Dakota<br>1302 East Highway 14, Suite 1<br>Pierre, SD 57501-8501<br>Telephone: (605) 773-3215<br>amanda.miiller@state.sd.us<br>*Counsel for Plaintiff State of South Dakota*<br>*\*motion for pro hac vice admission*<br>*forthcoming* | Derek Brown<br>Attorney General of Utah<br><br>*/s/ Andrew Dymek*<br>Andrew Dymek*<br>Solicitor General<br><br>Office Of The Utah Attorney General<br>160 E. 300 S., 5th floor<br>Salt Lake City, Utah 84111<br><br>*Counsel for Plaintiff State of Utah*<br>*\*motion for pro hac vice admission forthcoming* |
| John B. McCuskey | Keith G. Kautz |

6

| Attorney General of West Virginia | Attorney General of Wyoming |
|---|---|
| */s/ Michael R. Williams*<br>Michael R. Williams*<br>Solicitor General<br><br>Office Of The Attorney General<br>Of West Virginia<br>State Capitol Complex<br>Building 1, Room E-26<br>1900 Kanawha Blvd. E<br>Charleston, WV 25301<br>(304) 558-2021<br>michael.r.williams@wvag.gov<br><br>*Counsel for Plaintiff State of West Virginia*<br>**motion for pro hac vice admission forthcoming* | /s/ Ryan Schelhaas<br>Ryan Schelhaas*<br>Chief Deputy Attorney General<br><br>Office of the Attorney General of Wyoming<br>109 State Capitol<br>Cheyenne, WY 82002<br>(307) 777-5786<br>ryan.schelhaas@wyo.gov<br><br>*Counsel for the State of Wyoming*<br>**motion for pro hac vice admission forthcoming* |

## CERTIFICATE OF SERVICE

I, Stephen D. Stamboulieh, hereby certify that, on March 21, 2026, I have caused the foregoing document to be filed with this Court's CM/ECF system, which caused a Notice of Electronic Filing and copy of this document to be delivered to all counsel of record.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh

7