**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

SILENCER SHOP FOUNDATION, *et al.*,

    *Plaintiffs*,

    v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

    *Defendants*.

No. 6:25-cv-56-H

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND NOTICE OF
SUPPLEMENTAL AUTHORITY**

On March 21, 2026, plaintiffs requested leave to submit a notice of supplemental authority regarding the Supreme Court's decision in *Learning Resources, Inc. v. Trump*, 146 S. Ct. 628 (2026). *See* Pls.' Mot. for Leave to File Notice of Supp. Auth., ECF No. 104. While defendants do not oppose the submission of plaintiffs' notice, *see id.* at 7, that notice does not accurately describe the Supreme Court's decision in *Learning Resources*, and therefore defendants respectfully submit this response to correct any misimpression that plaintiffs' notice may create.

In *Learning Resources*, the Supreme Court addressed whether Section 1702(a)(1)(B) of the International Emergency Economic Powers Act's ("IEEPA") use of the terms "regulate" and "importation" delegated Congress's authority to "the President to impose tariffs of unlimited amount and duration, on any product from any country." 146 S. Ct. at 638. The Court's answer to that question was "no." In applying the major questions doctrine, the lead opinion (expressing the view of three Justices) found no "clear congressional authorization" in IEEPA to impose tariffs, given that IEEPA "contains no refence to tariffs or duties," there is no apparent precedent of Congress using "the word 'regulate' to authorize taxation" (of which tariffs are a kind), and no other "President has read IEEPA

1

to confer such power." *Id.* at 646 (Roberts, C.J., joined by Gorsuch and Barrett, JJ.). Three other Justices separately concurred, agreeing with the conclusion that IEEPA "does not authorize the President to impose tariffs" but getting there by consulting only the "ordinary tools of statutory interpretation" and not "invoking the … major-questions doctrine. *Id.* at 674 (Kagan, J., joined by Sotomayor and Jackson, JJ., concurring in part and concurring in the judgment).

Given what the Supreme Court addressed and decided in *Learning Resources*, it's a wonder that plaintiffs would suggest that decision says anything about the issues in this case. Contrary to what plaintiffs assert, *see* Pls.' Notice of Supp. Auth. ("Notice") at 2, ECF No. 104-1, *Learning Resources* says nothing about a so-called "rigid constitutional boundary" between Congress's taxing authority and its authority to regulate interstate commerce, much less "reaffirm[s]" any such concept. Indeed, it's not even clear what plaintiffs mean by a "rigid constitutional boundary." True, the power to tax and the power to regulate interstate commerce are distinct constitutional authorities. But as defendants have repeatedly explained, Congress may rely on both of these powers in enacting legislation, as it did with the NFA. *See* Memo. in Opp. to Pls.' MSJ & ISO Defs.' MSJ at 20–21, ECF No. 60 (collecting cases). Plaintiffs have cited no authority that limits Congress to exercising only one of these powers at a time, and *Learning Resources* certainly doesn't say as much.

Moreover, plaintiffs seem to have forgotten that they have brought a *constitutional* challenge to an Act of Congress. In resolving that challenge, this Court would seriously err if (as plaintiffs suggest, *see* Notice at 3) it were to apply "a similar analysis" to the lead opinion in *Learning Resources*, which concerns the application of the major questions doctrine—*i.e.*, a rule of statutory interpretation used in certain circumstances to ascertain the scope of a congressional delegation of authority, *see* 146 S. Ct. at 639—to determine whether Congress clearly delegated its authority to impose tariffs when it used the words "regulate" and "importation" in IEEPA. That type of analysis is completely irrelevant in

deciding whether Congress has the constitutional authority to enact particular statutory regulations, which is the question before this Court.

Dated: April 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On April 1, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice