**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
San Angelo Division**

| | |
|---|---|
| SILENCER SHOP FOUNDATION; GUN OWNERS OF AMERICA, INC; FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC.; B&T USA, LLC; PALMETTO STATE ARMORY, LLC; SILENCERCO WEAPONS RESEARCH, LLC (d/b/a SILENCERCO); GUN OWNERS FOUNDATION; BRADY WETZ; STATE OF TEXAS; STATE OF ALASKA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MONTANA; STATE OF NORTH DAKOTA; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF UTAH; STATE OF WEST VIRGINIA; and STATE OF WYOMING, | |
| *Plaintiffs*, | |
| v. | Case No. 6:25-cv-56-H |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; PAMELA BONDI, in her Official Capacity as ATTORNEY GENERAL OF THE UNITED STATES; and DANIEL DRISCOLL, in his Official Capacity as ACTING DIRECTOR OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | |
| *Defendants*. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority to apprise the Court

of a recent decision from the United States Court of Appeals for the Fifth Circuit in *McNutt v.*

*DOJ*, No. 24-10760, 2026 LX 188079, 2026 WL 971617 (5th Cir. Apr. 10, 2026) ("*Hobby Distillers*"). The slip opinion is attached to this notice. In it, the Fifth Circuit affirmed a permanent injunction prohibiting enforcement of federal statutes that ban the in-home distilling of spirits. The court held that the ban violated the Constitution's Taxation and Necessary and Proper Clauses because it does not generate revenue and cannot be justified as a valid exercise in aid of the taxing power.

*Hobby Distillers* is highly relevant to the issues raised in this case. Plaintiffs' summary-judgment briefing explained in detail how Judge Pittman's *Hobby Distillers* opinion confirmed that the challenged provisions of the National Firearms Act ("NFA") cannot be sustained under either the tax power, ECF No. 75 ("Pl. MSJ Opp.") at 1, 8, 11–12, or the Commerce Clause, ECF No. 49 ("Pl. MSJ") at 24–26 & n.5, 29, 32; Pl. MSJ Opp. at 26– 27 & n.10, 29, 32. The Government, by contrast, deemed that opinion from this District an "unpersuasive district court decision." ECF No. 60 ("Gov. MSJ") at 24. Now that the Fifth Circuit has affirmed the district court, it is plain that Plaintiffs should prevail on their enumerated-powers challenge.

Several aspects of the Fifth Circuit's opinion bear emphasis. *First*, *Hobby Distillers* confirms that the challenged NFA provisions cannot be sustained under the tax power because none of the challenged provisions "raise[ ] revenue." Slip op. at 12; *see* Pl. MSJ at 14–16; Pl. MSJ Opp. at 7 & n.1. As the Fifth Circuit reiterated, "the *essential* feature of any tax is that it produces at least some revenue for the Government." Slip op. 11 (cleaned up; emphasis in original).

*Second*, *Hobby Distillers* confirms that the Necessary and Proper Clause—"the last, best hope of those who defend ultra vires congressional action," Slip op. 14—cannot rehabilitate that fundamental deficiency in the Government's tax-power argument because it has not shown that the challenged NFA provisions are "necessary." The court first echoed Plaintiffs' articulation of

2

the relevant test for assessing whether a statute is "necessary":  it must be "'plainly adapted' to effectuate Congress's taxation of" the relevant article.  *Id.* at 16; *see id.* at 17 n.12 (rejecting "rational basis test" for "the Necessary and Proper Clause"); *accord* Pl. MSJ Opp. at 8.  The court then considered the Government's fact-bound arguments for why it believed the challenged provisions aided in taxation but found that "the regulations" themselves "repudiate[d] the government's position."  Slip op. at 18.  That analysis confirms that the Court should reject the Government's assertion that invasive registration requirements for individual firearms supports the collection of a flat occupational tax, Gov. MSJ at 7–11, because the statutory scheme flatly repudiates that position, *see* Pl. MSJ Op. at 8–14; *see also* ECF No. 95 at 3–4.

*Third*, *Hobby Distillers* confirms that the challenged NFA provisions are not a "proper" means of implementing either the tax or commerce powers, within the meaning of the Necessary and Proper Clause.  The Fifth Circuit explained that a law is not "proper" where the constitutional theory to sustain it lacks "any limiting principle" and would thus "violate th[e] court's obligation to read the Constitution carefully to avoid creating a general federal authority akin to the police power."  Slip op. at 22 (quotations omitted); *ibid.* ("Under the government's logic, Congress may criminalize nearly any at-home conduct only because it has the possibility of concealing taxable activity.").

Here, Plaintiffs showed that the Government's aid-of-taxation theory was similarly unbounded.  Pl. MSJ Opp. at 14 ("For example, if Congress imposed a $1 annual tax on grocery stores, anyone wishing to possess broccoli could be compelled to seek Government permission, notify law enforcement, and forfeit their fingerprints for inclusion in a federal database—all to make sure they are not unlawfully 'engaged in the business' of being a grocer.").  And they showed

the same as to the Government's Commerce Clause theory.[1]  Pl. MSJ at 33 ("accepting the Government's theory here would allow it to require federal registration, fingerprinting, and law-enforcement notification every time a consumer bought groceries, clothes, a bicycle, an RV, or gasoline—as any one of these things 'might someday travel interstate'").  Even after Plaintiffs repeatedly explained that the lack of a limiting constitutional principle is "dispositive," Pl. MSJ at 33; Pl. MSJ Opp. at 33, the Government has *never once* disputed these arguments, *see* Gov. MSJ at 8 (denigrating the logical implications of its theory as "imaginative" but not disputing them).  *Hobby Distillers* thus confirms that Plaintiffs should prevail on this ground alone.

*Finally*, *Hobby Distillers* confirms that the challenged NFA provisions cannot be sustained under the Commerce Clause because that is not a discernable constitutional basis.  Quoting Alexander Hamilton, the Fifth Circuit explained that "the propriety of a law, in a constitutional light, must always be determined by the nature of the powers *upon which it is founded*."  Slip op. at 21 (emphasis added).  This approach confirms that the Court should reject the Commerce Clause as a basis for the challenged NFA provisions' constitutionality because the text, structure, history, and precedent reveals that the Commerce Clause is not the power upon which they are founded.  *See* Pl. MSJ at 17–20; Pl. MSJ Opp. at 14–22.

For these reasons, *Hobby Distillers* confirms that the Court should grant summary judgment for Plaintiffs.

---

[1]  Where, as here, the Government invokes the substantial effects of *intra*state commerce, it relies on both the Commerce Clause and the Necessary and Proper Clause.  *See, e.g.*, *Gonzales v. Raich*, 545 U.S. 1, 22 (2005).

Dated: April 22, 2026

Respectfully submitted,

/s/ *Stephen D. Stamboulieh*
Stephen D. Stamboulieh

**STAMBOULIEH LAW, PLLC**
NDTX#: 102784MS
MS Bar No. 102784
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

*Attorney for Plaintiffs Gun Owners of
America, Inc., Gun Owners Foundation
and Brady Wetz*

/s/ *Brandon W. Barnett*
Brandon W. Barnett
Texas Bar. No. 24053088

**BARNETT HOWARD & WILLIAMS PLLC**
930 W. 1st St., Suite 202
Fort Worth, Texas 76102
Tel: (817) 993-9249
Fax: (817) 697-4388
barnett@bhwlawfirm.com

*Attorney for Private Plaintiffs*


Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Ryan Walters
Deputy Attorney General for Legal Strategy

/s/ *Munera Al-Fuhaid*
Munera Al-Fuhaid

/s/ *Michael D. Faucette*
Michael D. Faucette
Stephen J. Obermeier
Jeremy J. Broggi
Boyd Garriott

**WILEY REIN LLP**
2050 M Street NW
Washington, D.C. 20036
Tel: (202) 719-7000
Fax: (202) 719-7049
mfaucette@wiley.law
sobermeier@wiley.law
jbroggi@wiley.law
bgarriott@wiley.law

*Attorneys for Plaintiffs Silencer Shop
Foundation, Firearms Regulatory Accountability
Coalition, Palmetto State Armory, LLC, B&T
USA, LLC, and SilencerCo Weapons Research,
LLC*

Special Counsel, Special Litigation Division
Texas Bar No. 24094501

Christina Cella
Special Counsel, Legal Strategy Division
Texas Bar No. 240106199

Office Of The Attorney General Of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 461-6494
Munera.al-fuhaid@oag.texas.gov
christina.cella@oag.texas.gov

*Counsel for Plaintiff State of Texas*

Treg R. Taylor
Attorney General of Alaska

/s/ *Aaron C. Peterson*
Aaron C. Peterson*
(Alaska Bar No. 1011087)
Senior Assistant Attorney General

Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: aaron.peterson@alaska.gov

*Counsel for Plaintiff State of Alaska*
**motion for pro hac vice admission
forthcoming*
Raúl R. Labrador
Attorney General of Idaho

/s/ *Michael A. Zarian*
Michael A. Zarian
Deputy Solicitor General
Texas Bar No. 24115978

Office Of The Idaho Attorney General
700 W Jefferson St #210
Boise, ID 83720
Telephone: (208) 334-2400

Christopher M. Carr
Attorney General of Georgia

/s/ *Elijah J. O'Kelley*
Elijah J. O'Kelley*
Deputy Solicitor General

Office Of The Georgia Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(470) 816-1342
eokelley@law.ga.gov

*Counsel for Plaintiff State of Georgia*
**motion for pro hac vice admission forthcoming*

Theodore E. Rokita
Attorney General of Indiana

/s/ *James A. Barta*
James A. Barta*
Solicitor General

Indiana Attorney General's Office
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709

6

Facsimile: (208) 854-8073
michael.zarian@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

Kris W. Kobach
Attorney General of Kansas

*/s/ James Rodriguez*
James Rodriguez
(KS Bar #29172)
Assistant Attorney General

Office Of Kansas Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612-1597
Tel. (785) 368-8197
Jay.Rodriguez@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

Austin Knudsen
Attorney General of Montana

*/s/Christian B. Corrigan*
Christian B. Corrigan*
Solicitor General

Montana Department Of Justice
P.O. Box 201401
Helena, Montana 59620-1401
(406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for Plaintiff State of Montana*
*motion for pro hac vice admission*
*forthcoming*

Gentner Drummond
Attorney General of Oklahoma

*/s/ Garry M. Gaskins, II*
Garry M. Gaskins, II*
Solicitor General

james.barta@atg.in.gov

*Counsel for Plaintiff State of Indiana*
*motion for pro hac vice admission forthcoming*

Liz Murrill
 Attorney General of Louisiana

*/s/ J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga*
 Solicitor General

Louisiana Department Of Justice
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766
AguinagaB@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*
*motion for pro hac vice admission forthcoming*

Drew H. Wrigley
Attorney General of North Dakota

*/s/ Philip Axt*
Philip Axt
Solicitor General

Office Of North Dakota Attorney General
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Phone: (701) 328-2210
Email: pjaxt@nd.gov

*Counsel for Plaintiff State of North Dakota*

Alan Wilson
Attorney General of South Carolina

*/s/ Benjamin M. McGrey*
Benjamin M. McGrey*
 (Fed. Bar No. 14374)
Assistant Deputy Solicitor General

7

Office Of The Attorney General Of
Oklahoma
313 NE Twenty-First St.
Oklahoma City, OK 73105
(405) 521-3921
garry.gaskins@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*
*motion for pro hac vice admission
forthcoming*

Marty J. Jackley
Attorney General of South Dakota

/s/ Amanda Miiller
Amanda Miiller*
(SD Bar No. 4271)
Deputy Attorney General

Office Of The Attorney General Of South
Dakota
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
amanda.miiller@state.sd.us
*Counsel for Plaintiff State of South Dakota*
*motion for pro hac vice admission
forthcoming*

John B. McCuskey
Attorney General of West Virginia

/s/ Michael R. Williams
Michael R. Williams*
Solicitor General

Office Of The Attorney General
Of West Virginia
State Capitol Complex
Building 1, Room E-26
1900 Kanawha Blvd. E
Charleston, WV 25301
(304) 558-2021
michael.r.williams@wvag.gov

*Counsel for Plaintiff State of West Virginia*

Office Of The Attorney General Of South
Carolina
PO Box 11549
Columbia, South Carolina 29201
(803) 734-3765
benmcgrey@scag.gov

*Counsel for Plaintiff State of South Carolina*
*motion for pro hac vice admission forthcoming*

Derek Brown
Attorney General of Utah

/s/ Andrew Dymek
Andrew Dymek*
Solicitor General

Office Of The Utah Attorney General
160 E. 300 S., 5th floor
Salt Lake City, Utah 84111

*Counsel for Plaintiff State of Utah*
*motion for pro hac vice admission forthcoming*

Keith G. Kautz
Attorney General of Wyoming

/s/ Ryan Schelhaas
Ryan Schelhaas*
Chief Deputy Attorney General

Office of the Attorney General of Wyoming
109 State Capitol
Cheyenne, WY 82002
(307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for the State of Wyoming*
*motion for pro hac vice admission forthcoming*

8

*motion for pro hac vice admission
forthcoming

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen D. Stamboulieh, hereby certify that, on April 22, 2026, I have caused the foregoing document to be filed with this Court's CM/ECF system, which caused a Notice of Electronic Filing and copy of this document to be delivered to all counsel of record.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
