**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

SILENCER SHOP FOUNDATION, *et al.*,

     *Plaintiffs,*

     v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

     *Defendants.*

No. 6:25-cv-56-H

**DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD NOTICE OF
SUPPLEMENTAL AUTHORITY**

Plaintiffs have notified the Court of the Fifth Circuit's decision in *McNutt v. U.S. Department of Justice*, 173 F.4th 204 (5th Cir. 2026). *See* Pls.' Notice of Supp. Auth., ECF No. 113. Pursuant to the Court's order of May 6, 2026, ECF No. 110, defendants respectfully submit this response.

In *McNutt*, the Fifth Circuit held that 26 U.S.C. § 5178(a)(1)(B)'s ban on at-home spirits distilling exceeds Congress's power under the Taxation and Necessary and Proper Clauses. *See* 173 F.4th at 210. In short, the court reasoned that, whereas a tax's essential feature is to raise revenue, § 5178(a)(1)(B) operates to "*reduce* revenue" by preventing the production of taxable distilled spirits. *Id.* at 215–16, 218–19. For that reason, the court found that § 5178(a)(1)(B) could not be an exercise of Congress's taxing power and, by the same token, could not be necessary and proper for enforcing that power. *Id.*

*McNutt* has little relevance here and certainly cannot bear the weight plaintiffs place on it. Unlike the Fifth Circuit's view of § 5178(a)(1)(B), the National Firearms Act ("NFA") regulations that plaintiffs challenge do not "*reduce* revenue," *see id.* at 216, but rather aid in the collection and enforcement of the NFA's special occupational tax, *see* Memo. in Opp. to Pls.' MSJ & ISO Defs.' MSJ

1

("MSJ") at 7–11, ECF No. 60; Reply ISO Defs.' MSJ ("Reply") at 6–8, ECF No. 85. As *Sonzinsky v. United States*, 300 U.S. 506 (1937), and its Fifth Circuit progeny explain, those regulations are a valid exercise of Congress's taxing power, *see* MSJ at 8–10, and *McNutt* says nothing to the contrary.

Insofar as plaintiffs read *McNutt* to say that a statutory regulation must *itself* directly raise revenue to be within Congress's taxing power, *see* Notice at 2, they're mistaken. That understanding would squarely conflict with *Sonzinsky* and its Fifth Circuit progeny, which upheld under Congress's taxing power NFA regulations that merely assist in collecting and enforcing taxes but do not directly raise revenue themselves. *See* MSJ at 7–10. *McNutt* creates no tension with that precedent. Indeed, the Fifth Circuit was careful in *McNutt* to repeatedly distinguish between what it saw as § 5178(a)(1)(B)'s "anti-revenue" ban on at-home distilling and "all of the other statutory provisions governing the manufacture, bottling, and labelling of distilled spirits" that "exist to *facilitate collection of taxes* associated with" spirits distilling. *See* 173 F.4th at 216 (emphasis added); *see also id.* at 218–19 ("Because those provisions tax nothing, and are *distinct from the regulation of distilling alcoholic products* that is permitted by federal tax law, *they do not help* Congress raise revenue." (emphasis added)); *id.* at 219 ("Section 5178, *in contrast to regulating the creation and distribution of distilled spirits*, is a pure prohibition of conduct that might otherwise have generated taxable products." (emphasis added)); *id.* (distinguishing between § 5178(a)(1)(B) and constitutionally permissible regulations that "*clearly relate to tax collection*" but do not directly raise revenue (emphasis added)). The Fifth Circuit did not question the constitutionality of those statutory regulations that, like the NFA regulations challenged here, help the government collect and enforce a valid tax.

Finally, if anything, *McNutt*'s recitation of the accepted principle that "the propriety of a law" depends on "the nature of the power upon which it is founded," *id.* at 221 (citation omitted), supports defendants' position that the Commerce Clause authorizes Congress to enact the NFA regulations

that plaintiffs challenge, *contra* Notice at 4, for reasons defendants have already explained, *see* MSJ at 11–26; Reply at 8–16.

*      *      *

Dated: May 20, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

3

**CERTIFICATE OF SERVICE**

On May 20, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Jody D. Lowenstein
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice