**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

JOHN JENSEN, *et al.*,

    *Plaintiffs*,

    v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

    *Defendants*.

No. 2:25-cv-223-Z

**MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Civil Local Rule 56.7 and paragraph 11 of this Court's scheduling order, ECF No. 23, defendants respectfully request leave to submit additional evidence—*i.e.*, a four page declaration from the Chief of the Bureau of Alcohol, Tobacco, Firearms and Explosive's ("ATF") National Firearms Act ("NFA") Division, *see* Second Decl. of Stephen Albro, attached hereto as Exhibit 1— with their forthcoming reply brief in support of their motion for summary judgment.

This Court's local rules require a party to obtain leave before submitting "supplemental … evidence" in support of a motion for summary judgment. *See* Civ. L.R. 56.7; *see also* Civ. Sched. Order ¶ 11. The Court has "leeway to allow a party to supplement its motion for summary judgment, and the decision to grant or deny leave to supplement is within this Court's sound discretion." *Sneed v. Crown Equip. Corp.*, 2025 Ql 391763, at *1 (N.D. Tex. Feb. 3, 2025) (cleaned up). Whether good cause exists for a request to file supplemental materials turns on several considerations, including the supplementing party's explanation for the request, the supplemental material's importance, and the potential for prejudice for the non-moving party. *See id.*

1

Here, defendants request the Court's leave to submit a four-page declaration from the Chief of ATF's NFA Division that responds solely to an argument that plaintiffs raised for the first time in their second brief on the parties' cross-motions for summary judgment. Specifically, in their second brief, plaintiffs argued that it "blinks reality" that a business that is subject to the special occupational tax would fail to pay it, and thus suggested that defendants are unable to provide examples of such "tax circumvention." *See* Pls.' Comb. Reply Memo. of L. in Further Supp. of Pls.' MSJ & Memo. of L. in Opp. to Defs.' MSJ at 11–12, ECF No. 56. The declaration that defendants seek to submit with their reply brief corrects these assertions with evidence that ATF routinely discovers circumvention of the special occupational tax. *See* Second Decl. of Stephen Albro ¶¶ 10–12. This additional evidence would thus provide the Court with an adequate record on the issue and, in turn, would assist the Court in resolving this constitutionally significant case. Finally, plaintiffs would not be prejudiced by the requested relief, as they are free to seek leave to file a surreply to address defendants' additional evidence, which defendants would not oppose.[1]

_____

[1] The parties conferred, and plaintiffs asked that defendants include the following explanation for plaintiffs' opposition to defendants' requested relief: "Plaintiffs oppose Defendants' request for leave to file with their reply brief a second declaration from the Chief of ATF's NFA Division on the following preliminary grounds. Plaintiffs submitted their combined reply memorandum of law in support of Plaintiffs' motion for summary judgment and memorandum of law in opposition to Defendants' motion for summary judgment on January 19, which made the arguments to which Defendants' second declaration seeks to address. Defendants filed a similar second declaration together with their reply brief in support of their motion for summary judgment in the case *Silencer Shop Found. v. ATF*, No. 6:25-cv-00056 (N.D. Tex.) on January 14, 2026. Despite plaintiffs in *Silencer Shop* moving to strike the second declaration for being submitted in violation of this Court's local rules as an unauthorized reply appendix, Defendants did not give Plaintiffs notice of their intention to file a similar supplemental declaration in this case until February 11, 2026, the day before their reply brief was due. In addition to this lack of notice, Plaintiffs have had no opportunity to review the motion for leave or the second declaration that Defendants propose to file with their reply brief. For these preliminary reasons, Plaintiffs oppose Defendants' request and will submit a response to Defendants' motion in due course." The basis for plaintiffs' opposition warrants serious skepticism, as plaintiffs, who are represented by sophisticated counsel, do not claim that they were unaware of the declaration that the government filed with its reply brief in *Silencer Shop Foundation*. Moreover, although plaintiffs claim that they have been unable to review the declaration that defendants are seeking leave to submit,

Defendants appreciate the Court's consideration. A proposed order is attached.

Dated: February 11, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

---

defendants informed plaintiffs that the declaration would address the same topic and be substantially similar in its substance to the declaration that was filed in *Silencer Shop Foundation*.

3

## CERTIFICATE OF SERVICE

On February 11, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice