STATE OF KANSAS
OFFICE OF THE ATTORNEY GENERAL

KRIS W. KOBACH
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

August 13, 2026

Dear Counsel:

In light of the U.S. District Court's August 5, 2026, ruling in *Silencer Shop Foundation, et al. v. Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.,* Case No. 6:25-cv-00056, we, the undersigned attorneys general, write to request that the ATF advise in writing what steps it is taking to immediately stop the enforcement in the Plaintiff states of the challenged NFA provisions. Assuming no stay of the ruling and judgment issues from either the district court or the Fifth Circuit, we are seeking clarity for any person within the Plaintiff states trying to make a purchase that the relevant provisions of the NFA are enjoined and no additional paperwork will be required other than the normal Form 4473. On this point, and in terms of the scope of the injunction, the court expressly held: "the Court's injunction will accordingly extend to those states, their agencies, and their political subdivisions." Memorandum Opinion & Order at 64. Clearly, "states" refers to something in addition to "state agencies," since they are separate items in a list. Consequently, we view the District Court's holding as extending beyond state agencies.

In light of this holding, we seek answers to the following questions: How will purchasers and dealers know that the government's applicable registration requirements are no longer enforceable in the Plaintiff states? Will notice be provided on the ATF website that enforcement of the registration requirements is enjoined in the Plaintiff states? Will all firearms dealers and relevant manufacturers located in Plaintiff states be notified directly and promptly by the ATF that they no longer need to comply with the relevant registration requirements?

If the government has a different view as to the scope of the injunction, we ask that you inform us of your position immediately. Additionally, and for the sake of clarity, if the government is not taking steps to remove the registration requirements, we would consider that a violation of the Court's Memorandum Opinion & Order.

As a final point, please be advised that the Attorney General of Kansas himself may purchase a suppressor in the weeks ahead and is willing to sign an affidavit if the ATF attempts to defy the order, either willfully or mistakenly.

Thank you for your cooperation to ensure compliance with the Court's ruling and judgment.

Kansas Attorney General
Kris W. Kobach

Louisiana Attorney General
Liz Murrill

Indiana Attorney General
Todd Rokita

Oklahoma Attorney General
Gentner Drummond

North Dakota Attorney General
Drew H. Wrigley

South Dakota Attorney General
Marty Jackley

South Carolina Attorney General
Alan Wilson

Wyoming Attorney General
Keith Kautz

Utah Attorney General
Derek Brown