UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| SILENCER SHOP FOUNDATION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 6:25-CV-056-H |
| | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS SILENCER SHOP FOUNDATION, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., AND BRADY WETZ'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT[1]**

Plaintiffs Silencer Shop Foundation, Gun Owners of America, Inc., Gun Owners Foundation, Firearms Regulatory Accountability Coalition, Inc., and Brady Wetz ("Plaintiffs" and collectively "the Private Plaintiffs") move, pursuant to both Rule 54(d) of the Federal Rules of Civil Procedure and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorneys' fees, costs, and expenses reasonably incurred in the litigating of this case. In support of this motion, Plaintiffs show the following:

1. The Private Plaintiffs, joined by 15 States ("the State Plaintiffs"), filed this action for declaratory and injunctive relief on July 4, 2025, against Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives, Daniel Driscoll, in his official capacity as Acting Director of the ATF,

[1] Plaintiffs previously moved for leave to file a skeletal EAJA motion and for other relief, which remains pending. *See* ECF #148. Plaintiffs now file this EAJA motion, which restates Exhibit 1 of their prior filing (ECF #148-1), simply to comply with their statutory deadline to move for fees while their motion for leave remains pending.

Pamela J. Bondi, in her official capacity as Attorney General of the United States, and the United States Department of Justice.

2. Plaintiffs' central claim was that, as this Court later concluded, "[i]n 2025, Congress eliminated the NFA's transfer and making taxes for four categories of firearms: short-barreled shotguns, short-barreled rifles, silencers, and a final, defined group of miscellaneous firearms. Because today's NFA does not generate any revenue from untaxed firearms, its regulatory provisions cannot be upheld under the taxing power. And there is no sign in the NFA's text, structure, or statutory history that Congress invoked any other power in crafting the NFA provisions at issue. Thus, the regulatory provisions must be enjoined as unconstitutional because they exceed Congress's enumerated powers." *Silencer Shop Found. v. BATFE*, 2026 U.S. Dist. LEXIS 174125, at *5 (N.D. Tex. Aug. 5, 2026). Plaintiffs sought declaratory, injunctive, and other relief.

3. This Court held a hearing on Plaintiffs' motion for summary judgment on July 7, 2026. On August 5, 2026, this Court entered its Memorandum Opinion and Order, along with a permanent injunction barring Defendants from enforcing the challenged NFA provisions against Plaintiffs and their agencies, political subdivisions, members, and customers. ECF ##136, 137.

4. Plaintiffs are therefore "prevailing parties." As prevailing parties in this case on their central claim, Plaintiffs are eligible for and entitled to attorneys' fees, costs, and expenses of litigation under the Equal Access to Justice Act, 28 U.S.C. § 2142.

5. Defendants' position in the litigation was not substantially justified. The NFA is only a taxing statute and has been consistently and historically upheld on that basis, alone. *See Sonzinsky v. United States*, 300 U.S. 506 (1937). Congress never invoked any other Congressional power. The revenue purpose, and thus the taxing power, plainly vanished upon the relevant tax being set

by Congress to $0. Defendants' arguments in this case represent a historical change in position by the federal government, and a post hoc attempt to preserve statutory provisions that were no longer justified by Congressional authority.

6. Plaintiffs' motion for attorneys' fees and costs is filed within 30 days of Defendants' advising in their filing with this Court that they will not be filing an appeal of this Court's ruling in this action, and is thus timely. The State Plaintiffs are not parties to this motion.

7. No special circumstances exist which would make an award of fees and other expenses unjust.

8. Plaintiffs' counsel are entitled to an upward fee enhancement, due to the complexity of the litigation and the lack of qualified attorneys to handle it.

9. Attorneys for Plaintiffs have kept detailed records of hours, costs, and expenses throughout this litigation, and can submit itemized statements stating the actual time expended and the rate at which fees and other expenses were computed. Plaintiffs' attorneys' fees, costs, and expenses are reasonable for a case of this nature.

10. Plaintiffs respectfully request that the Court award them attorneys' fees and litigation costs in an amount to be supplemented at a later date if the parties are unable to reach a settlement on their own.

Dated: November 2, 2026

Respectfully submitted,

/s/ *Oliver M. Krawczyk*
Oliver M. Krawczyk
NDTX # 99918VA
AMBLER LAW OFFICES, LLC
115 South Hanover Street, Suite 100
Carlisle, PA 17013
T: (717) 525-5822

F: (540) 773-2414
E: oliver@amblerlawoffices.com
*Attorney for Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation, and Brady Wetz*

*/s/ Michael D. Faucette*
Michael D. Faucette
Stephen J. Obermeier
Jeremy J. Broggi
Boyd Garriott
WILEY REIN LLP
2050 M Street NW
Washington, D.C. 20036
Tel: (202) 719-7000
Fax: (202) 719-7049
mfaucette@wiley.law
sobermeier @wiley.law
jbroggi@wiley.law
bgarriott@wiley.law
*Attorneys for Plaintiffs Silencer Shop Foundation and Firearms Regulatory Accountability Coalition*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1, Plaintiffs and Defendants are pursuing the possibility of settling the attorneys' fee issue in this case and have begun to engage in settlement discussions.

By: *<u>/s/ Oliver M. Krawczyk</u>*
Oliver M. Krawczyk

**CERTIFICATE OF SERVICE**

I certify that, on November 2, 2026, a copy of the foregoing document was filed electronically and served upon all counsel of record via the Court's ECF system.

By: */s/ Oliver M. Krawczyk*
Oliver M. Krawczyk