# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

| | | |
|---|---|---|
| SILENCER SHOP FOUNDATION, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 6:25-cv-056-H<br><br>(Consolidated with No. 6:26-cv-227-H) |

**<u>*JENSEN* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT</u>**

Plaintiffs John Jensen, Jeremy Neusch, David Lynn Smith, Hot Shots Custom LLC, Texas State Rifle Association, FPC Action Foundation, and Citizens Committee For The Right To Keep And Bear Arms (together, "*Jensen* Plaintiffs"), respectfully move this Court, pursuant to both Rule 54(d) of the Federal Rules of Civil Procedure and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorneys' fees, costs, and expenses reasonably incurred in the litigating of this case. In support of this motion, *Jensen* Plaintiffs state the following:

1. *Jensen* Plaintiffs filed this action for declaratory and injunctive relief on October 9, 2025, against Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Daniel P. Driscoll, in his official capacity as Acting Director of ATF, the U.S. Department of Justice, and Pamela J. Bondi, in her official capacity as Attorney General of the United States.

2. *Jensen* Plaintiffs' central claim was that, as this Court later concluded, "[i]n 2025, Congress eliminated the NFA's transfer and making taxes for four categories of firearms: short-barreled shotguns, short-barreled rifles, silencers, and a final, defined group of

miscellaneous firearms. Because today's NFA does not generate any revenue from untaxed firearms, its regulatory provisions cannot be upheld under the taxing power. And there is no sign in the NFA's text, structure, or statutory history that Congress invoked any other power in crafting the NFA provisions at issue. Thus, the regulatory provisions must be enjoined as unconstitutional because they exceed Congress's enumerated powers." *Silencer Shop Found. v. ATF*, No. 6:25-cv-056-H, 2026 WL 2255460, at *1 (N.D. Tex. Aug. 5, 2026). *Jensen* Plaintiffs sought declaratory, injunctive, and other relief.

3. The Court held a hearing on *Jensen* Plaintiffs' motion for summary judgment on July 7, 2026. On August 5, 2026, the Court entered its Memorandum Opinion and Order, along with a permanent injunction barring Defendants from enforcing the challenged NFA provisions against *Jensen* Plaintiffs and their members, customers, and members' customers. Mem. Op. and Order, (Aug. 5, 2026), ECF No. 136; Final Judgment (Aug. 5, 2026), ECF No. 137.

4. *Jensen* Plaintiffs are therefore "prevailing parties." As prevailing parties in this case on their central claim, *Jensen* Plaintiffs eligibility for attorneys' fees, costs, and expenses of litigation is governed by the Equal Access to Justice Act, 28 U.S.C. § 2142.

5. *Jensen* Plaintiffs' motion for attorneys' fees and costs is filed within 30 days of Defendants' advising in their filing with this Court that they will not be filing an appeal of this Court's ruling in this action, and is thus timely.

6. No special circumstances exist which would make an award of fees and other expenses unjust.

7. *Jensen* Plaintiffs' counsel reserve the right to seek an upward fee enhancement, due to the complexity of the litigation.

8. Attorneys for *Jensen* Plaintiffs have kept detailed records of hours, costs, and expenses throughout this litigation, and can submit itemized statements stating the actual time expended and the reasonable rate at which fees and other expenses were incurred. *Jensen* Plaintiffs' attorneys' fees, costs, and expenses are reasonable for a case of this nature.

9. *Jensen* Plaintiffs respectfully request that the Court award them attorneys' fees and litigation costs and reserve the right to supplement at a later date if the parties are unable to reach a settlement on their own.

Dated: November 2, 2026

Respectfully Submitted,

R. Brent Cooper
Texas Bar No. 04783250
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540
brent.cooper@cooperscully.com

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
Nicholas A. Varone*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
nvarone@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for* Jensen *Plaintiffs*